Filed 2/17/15  P. v. Jones CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHANGA DIA JONES,<br><br>    Defendant and Appellant. | 2d Crim. No. B255693<br>(Super. Ct. No. NA036778-01)<br>(Los Angeles County) |

Changa Dia Jones appeals an order denying his petition for resentencing under Penal Code section 1170.126 of the Three Strikes Reform Act of 2012 ("the Act").[1] (§§ 667, 1170.12, 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).) Jones contends the trial court erred when it found he was ineligible for resentencing under the Act.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Jones is serving an indeterminate term of 51 years to life under the three strikes law for convictions that include evading a police officer causing death (Veh. Code, § 2800.3) and taking a vehicle without the owner's consent.  (*Id.*, § 10851, subd.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

(a).)[2] Jones's criminal history includes prior strike convictions for residential burglaries. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 459.)

In 2012, Jones filed a petition for resentencing as a second-strike offender under the Act. The trial court denied the petition. It found that Jones is ineligible for resentencing because one of his current convictions is for a serious felony, evading an officer causing death.

## DISCUSSION

The order denying Jones's petition for resentencing is appealable. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)

Under the three strikes law as it existed before Proposition 36, a defendant convicted of two prior serious or violent felonies was subject to a sentence of 25 years to life upon conviction of any third felony. The Act reduces punishment for certain offenders whose current convictions are not serious or violent. Prisoners who are currently serving an indeterminate sentence for a third felony conviction, which was not a serious or violent felony, may seek resentencing as a second strike offender to a determinate term. (§ 1170.126.) A defendant is not eligible for resentencing under the Act if his or her current conviction is for a serious or violent felony. (§§ 1170.126, subd. (e)(1), 667.5, subd. (c), 1192.7, subd. (c).)

Taking a vehicle without the owner's consent is not a serious or violent felony. (§§ 667.5, subd. (c), 1170.12, subd. (c).) But evading a police officer causing death is. (§ 1192.7, subd. (c)(8).) The question whether an inmate is eligible for resentencing on a qualifying current conviction if he or she also has a disqualifying current conviction is pending before the California Supreme Court. (*In re Machado* (2014) 226 Cal.App.4th 1044, review granted July 30, 2014, No. S219819.)

Section 1170.126 is silent on the question. But the Act is "intended to apply exclusively to persons presently serving an indeterminate term of imprisonment [under the three strikes law], . . . whose sentence under [the Act] would not have been an

---

[2] The underlying judgment was the subject of two prior appeals. (*People v. Jones* (2000) 82 Cal.App.4th 663; *People v. Jones* (Sept. 27, 2001, B148740) [nonpub. opn.].)

indeterminate life sentence." (§ 1170.126, subd. (a).) Jones's sentence under the Act would be an indeterminate life sentence because he has a current serious felony. (§ 1192.7, subds. (c)(8) [any felony in which great bodily injury is inflicted is a "serious felony"]; Veh. Code, § 2800.3 [flight from police officer causing death or serious bodily injury].)

A defendant with a disqualifying current conviction may not benefit from the resentencing provisions of the Act. This interpretation is consistent with the voters' intent that the Act excludes "truly dangerous criminals" from the benefits of resentencing. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) argument in favor of Prop. 36, p. 52.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

William C. Ryan, Judge

Superior Court County of Los Angeles

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah Hill, Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.