Filed 4/14/15  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TERRY KENT WILLIAMS,<br><br>Defendant and Appellant. | F067610<br><br>(Super. Ct. No. F10904220)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  James M. Petrucelli, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

The statutes enacted following the passage of Proposition 36, also known as the Three Strikes Reform Act of 2012, afford certain inmates serving indeterminate life sentences under California's "Three Strikes" law the opportunity to be resentenced to a lesser term. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597.) Those individuals whose life sentences are based upon a third strike conviction for a non-serious and/or non-violent felony may file a petition for resentencing with the trial court that entered the judgment of conviction in their case. (Pen. Code,[1] § 1170.126, subd. (b).) Assuming they have exercised their rights under section 1170.126 in a timely manner, eligible petitioners are entitled to resentencing unless the trial court determines that a recall of their sentence would pose an unreasonable risk of danger to public safety. (*Id*., subd. (f).)

In January 2013, appellant Terry Kent Williams filed a petition for resentencing in the Fresno County Superior Court pursuant to section 1170.126. He was then serving an indeterminate life sentence based on a 2010 felony conviction for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), which constituted his third strike. Williams' petition was not heard until June 20, 2013. On that date, the trial court granted the People's motion to continue the matter for an extended period of time to allow for further evaluation of Williams' performance in various rehabilitative programs that were available to him in the prison system. The People had originally requested a continuance of two years, but the trial court set a new hearing date of June 19, 2014, thereby effectively deferring its ruling on the petition for at least one year. Although Williams did not object to the continuance at the time of the hearing, he filed the present appeal on grounds that the trial court's order exceeded its jurisdictional authority.[2]

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Incidentally, we note that the California Supreme Court recently granted review in two cases from the Fourth District which conclude, as Williams argues, that a trial court does not have the power to delay ruling on the merits of a section 1170.126 petition for the purpose of evaluating the petitioner's dangerousness at some later point in time.

On March 2, 2015, appellant's counsel filed a sworn declaration in letter form advising us that Williams' section 1170.126 petition was granted on January 26, 2015. According to the declaration and an exhibit attached thereto, the trial court reduced Williams' 2010 conviction to a misdemeanor, sentenced him to time served, and ordered his immediate release on parole. The declaration further states: "Mr. Williams through his counsel requests that his appeal be held in abeyance until March 27, 2015, [i.e.,] the last date upon which a notice of appeal may be filed from the trial court's order. If no appeal is taken from the trial court's order, Mr. Williams through his counsel requests that his appeal be dismissed as moot." Respondent has not opposed Williams' conditional request for dismissal, nor is there any indication that the People have appealed the trial court's order of January 26, 2015.

The abandonment or voluntary dismissal of a criminal appeal is governed by California Rules of Court, rule 8.316, which provides: "(a) . . . An appellant may abandon the appeal at any time by filing an abandonment of the appeal signed by the appellant or the appellant's attorney of record…. (b)(2) If the record has been filed in the reviewing court, the appellant must file the abandonment in that court. The reviewing court may dismiss the appeal and direct immediate issuance of the remittitur." Notwithstanding the rules pertaining to abandonment, it is settled that "[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.) In light of the circumstances discussed herein, we will dismiss the appeal as abandoned and moot.

---

(See *People v. Superior Court* (*Williams*), review granted March 25, 2015, S223807; *People v. Superior Court* (*Burton*), review granted March 25, 2015, S223805.)

3.

## **DISPOSITION**

The appeal is dismissed.  The remittitur shall issue forthwith.

_____
GOMES, J.

WE CONCUR:


_____
CORNELL, Acting P.J.


_____
PEÑA, J.

4.