Filed 6/30/15  Walker v. Imperial Irrigation Dist. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RALPH WALKER, Plaintiff and Appellant, v. IMPERIAL IRRIGATION DISTRICT, Defendant and Respondent. | D066429 (Super. Ct. Nos. ECU07519, ECU07537) |

APPEAL from a judgment of the Superior Court of Imperial County, Juan Ulloa, Judge.  Affirmed.


Sutherland & Gerber and Lowell F. Sutherland, for Plaintiff and Appellant.

Law Offices of Dennis L. Shields and William R. Polk, for Defendant and Respondent.

INTRODUCTION

Ralph Walker appeals the trial court's dismissal of his first amended complaint (complaint) against the Imperial Irrigation District (District) for inverse condemnation, nuisance, dangerous condition of public property, and abatement of nuisance on the ground he did not have standing to sue because he was not the owner of either of the properties which were the subject of the complaint. He contends we must reverse the judgment because the court improperly utilized the procedure in Code of Civil Procedure section 1260.040 (section 1260.040) to resolve liability issues and the tort causes of action. He additionally contends the court erroneously found he lacks sufficient rights in the subject properties to have standing to sue. We are unpersuaded by these contentions and affirm the judgment.

BACKGROUND[1]

Two separate properties in the city of Calipatria, one located at 685 E. Bonita (685 property) and one located at 686 E. Bonita (686 property), were flooded in 2012. The 685 property was owned by Walker's mother. She died in 1978. A year or two before his mother's death, Walker moved onto the property. After his mother's death, Walker started paying the property taxes, but then his sisters took over this responsibility. There is no evidence or assertion Walker's mother's estate has ever been probated. Although Walker considers the 685 property to be family property jointly owned by him and his 11

---

[1]     We derive our summary from evidence submitted by the District with its motion to dismiss and from facts stated in an offer of proof Walker submitted with his opposition to the District's motion.

siblings, he never told his siblings about this action because he "didn't want them bugging" him.

The 686 property was owned by a family friend Walker considered to be like a grandfather. He died in 1985. Before his death, he purportedly instructed Walker to do whatever Walker wanted with the property. He did not, however, expressly give the property to Walker. After his death, Walker began living on the property and assumed responsibility for paying the property taxes. There is no evidence or assertion the family friend's estate has ever been probated. Although Walker considers himself to be the sole owner of the 686 property, he has never done anything to obtain title to the property. However, he claims ownership of the property by adverse possession based on his continuous occupancy of the property and his payment of property taxes.

After the flood, Walker sued the District for inverse condemnation, nuisance, dangerous condition of public property, and abatement of nuisance.[2] The District filed a motion to dismiss Walker's complaint under section 1260.040 on the grounds Walker was not the owner of the real property alleged to be damaged by the flood and none of Walker's personal property was damaged.[3] The trial court granted the motion on the

---

[2]     Walker also sued the State of California. The State has since been dismissed from this appeal.

[3]     The latter ground is not at issue in this appeal.

ground Walker was not the legal owner of either the 685 property or 686 property. Rather, the owners were the estates of his mother and the family friend, respectively.[4]

DISCUSSION

I

Preliminarily, Walker contends the trial court improperly utilized the procedure in section 1260.040 to resolve liability issues and the tort causes of action. We disagree.

Section 1260.040 is part of California's eminent domain law. (*Dina v. People ex rel. Dept. of Transportation* (2007) 151 Cal.App.4th 1029, 1041 (*Dina*). Subdivision (a) of section 1260.040 provides in part, "If there is a dispute between plaintiff and defendant over an evidentiary or other legal issue affecting the determination of compensation, either party may move the court for a ruling on the issue." Subdivision (c) of section 1260.040 provides, "This section supplements, and does not replace any other pretrial or trial procedure otherwise available to resolve an evidentiary or legal issue affecting the determination of compensation."

The Law Revision Commission comments to section 1260.040 explain the section "is intended to provide a mechanism by which a party may obtain early resolution of an *in limine* motion or other dispute affecting valuation. . . . [T]he procedure provided in this section is limited to resolution of legal issues that may affect compensation; it may not be used to ascertain just compensation. [Citation.] [¶] Nothing in this section

---

4    The record shows Walker requested a continuance to allow him to complete probate for the 685 property and complete a quiet title action for the 686 property. The court denied the continuance. The propriety of the court's ruling is not at issue in this appeal.

4

precludes the use of other procedures for the same purpose, including, without limitation, bifurcation of issues and control of the order of proof pursuant to statute, or other pretrial procedure pursuant to court rule."  (Cal. Law Revision Com. com., 19 West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1260.040, p. 623.)

The broad language of section 1260.040, subdivision (a), is reasonably construed to permit a trial court to adjudicate the District's liability for inverse condemnation as the validity of a party's inverse condemnation claim directly affects the party's entitlement to compensation.  (*Dina*, *supra*, 151 Cal.App.4th at pp. 1041, 1043.)  This construction is consistent with the statute's purpose of facilitating the resolution of condemnation cases without trial.  (*Ibid.*)

As part of its inherent power to control litigation and conserve judicial resources, a trial court may also utilize the procedure in section 1260.040 to simultaneously adjudicate companion tort claims, at least where the tort claims rely on the same evidence as the inverse condemnation claim.  (See *Dina*, *supra*, 151 Cal.App.4th at pp. 1046, 1052-1053.)  Use of the section 1260.040 procedure in this manner seems especially appropriate where, as here, the District's challenges to Walker's claims share an identical factual and legal basis and Walker's standing is a threshold issue which must be resolved before his claims can be reached on the merits.  (*CashCall, Inc. v. Superior Court* (2008) 159 Cal.App.4th 273, 286.)

## II

### A

Having concluded the trial court properly utilized the section 1260.040 procedure, we must now address whether the court correctly determined Walker lacked standing to assert his claims. A motion under section 1260.040 is a summary procedure analogous to a motion for nonsuit or a demurrer. (*Dina*, *supra*, 151 Cal.App.4th 1045.) As with a motion for nonsuit, we review the evidence in a light favorable to Walker. (*Ibid.*) We may uphold the judgment only if, after accepting Walker's asserted facts as true and indulging every legitimate inference in his favor, the " ' " 'facts and inferences lead inexorably to the conclusion [Walker] cannot establish an essential element of [his] cause of action.' " ' " (*Id.* at p. 1047.)

### B

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." (Code Civ. Proc., § 367.) "The purpose of this section is to protect a defendant from harassment by other claimants on the same demand." (*Redevelopment Agency of San Diego v. San Diego Gas & Electric Co.* (2003) 111 Cal.App.4th 912, 921.)

" 'A real party in interest ordinarily is defined as the person possessing the right sued upon by reason of the substantive law.' " (*Redevelopment Agency of San Diego v. San Diego Gas & Electric Co.*, *supra*, 111 Cal.App.4th at pp. 920-921.) "A party who is not the real party in interest lacks standing to sue." (*Id.* at p. 920.) Thus, a complaint filed by someone who is not a real party in interest fails to state a claim. (*Id.* at p. 921.)

6

Generally, to have standing to assert a claim for injury to real property, a person must own, lawfully possess, or have a right to possess the property. (See *Del Mar Beach Club Owners Assn. v. Imperial Contracting Co.* (1981) 123 Cal.App.3d 898, 906.) Similarly, in a condemnation proceeding, standing to sue requires a person to have a legal or equitable interest in the property that is the subject of the proceeding. (Code Civ. Proc., § 1250.230; Legis. Com. com., 19 West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1250.230, p. 500; *Miller & Lux, Inc. v. James* (1919) 180 Cal. 38, 51 [the person with the standing to sue in a condemnation proceeding is the person who owned the property right at the time it was taken].)

Walker contends he has standing to bring his inverse condemnation and other injury to real property claims because he has valuable rights in the 685 property through inheritance and in the 686 property by adverse possession. His contention principally relies on the valuable rights theory established by the California Supreme Court in *County of San Diego v. Miller* (1975) 13 Cal.3d 684. Specifically, the court held a claimant's right to compensation must be determined by whether the condemnation deprived claimant of a valuable right and not by whether the right could technically be characterized as an estate or interest in real property. (*Id.* at p. 691; see *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 119-120 ["In order to state a cause of action for inverse condemnation, there must be an invasion or an appropriation of some valuable property right which the landowner possesses and the invasion or appropriation must directly and specially affect the landowner to his injury"].)

7

Nonetheless, for the valuable rights theory to apply, the subject right must be cognizable. (*Regency Outdoor Advertising, Inc. v. City of Los Angeles* (2006) 39 Cal.4th 507, 516.) In other words, the right must be concrete and actual, not conjectural or hypothetical. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 599; *Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 315.) In this case, there is no basis in the record to conclude Walker's claimed rights in the 685 property and 686 property are cognizable, concrete, or actual. Rather, because the estates of Walker's mother and the family friend have not been administered and Walker has never attempted to otherwise validate his claimed rights in the properties, the rights are presently conjectural and hypothetical. As conjectural and hypothetical rights do not confer standing, Walker has not established the trial court err in dismissing his complaint.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its appeal costs.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

HALLER, J.

8