Filed 9/25/15  P. v. Canela CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B262313 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA029281) |
| v. | |
| ASENCION CANELA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1996, defendant and appellant Ascencion Canela was convicted of first degree burglary (Pen. Code, § 459)[1] and misdemeanor battery (§ 242). Because he was also found to have sustained convictions for three prior serious or violent felonies within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), Canela was sentenced to a prison term of 40 years to life on the burglary charge. The judgment was affirmed on appeal (*People v. Canela* (Dec. 1, 1997, B108663) [nonpub. opn.]).

On November 4, 2014, following passage of the Three Strikes Reform Act of 2012 (Prop. 36),[2] Canela filed a petition seeking to recall his Three Strikes sentence. The trial court denied the petition with prejudice on the ground that Canela's current conviction for first degree burglary is a serious felony which makes him ineligible for resentencing. Canela timely appealed from the order of denial.[3]

We appointed counsel to represent Canela on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Canela, and notified defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On June 26, 2015, Canela filed a supplemental brief.

We have examined the entire record and determined that, as the trial court ruled, because Canela's current conviction is for first degree burglary (§ 459), which is a serious felony (§ 1192.7, subd. (c)(18)), he is not eligible for a reduction of his sentence

---

[1]     All further references are to the Penal Code unless otherwise specified.

[2]     The passage of Proposition 36 resulted in the enactment of section 1170.126.

[3]     The trial court's denial of a petition to recall a sentence pursuant to section 1170.126 is an appealable order under section 1237, subdivision (b). (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)

under section 1170.126.[4] Contrary to the suggestion in Canela's supplemental brief, it is his most recent conviction that prevents any reduction in his sentence. We are satisfied that defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[4] "Under the three strikes law [citation] as it existed prior to Proposition 36 [hereafter, "the Act"], a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285-1286, fn. omitted.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


ALDRICH, J.


JONES, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.