Filed 11/19/15  P. v. Hubbard CA3
On remand

**NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073340 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F00664) |
| v. | |
| SIDNEY SCOTT HUBBARD, | OPINION ON REMAND |
| Defendant and Appellant. | |

In the November 2012 general election, voters prospectively amended recidivist sentencing provisions for a defendant with two or more previous felony convictions.  If a commitment conviction is not for a serious or violent felony (subject to a number of qualifications), the prescribed sentence now is double the term otherwise provided, instead of the formerly prescribed indeterminate term of life with varying minimums (generally 25 years).  (Pen. Code, § 667, subd. (e)(1), (2)(A) & (C); cf. *id.*, former subd.

1

(e)(2), as amended by Stats. 1994, ch. 12, § 1, p. 71.)[1]  The voters simultaneously created a retrospective process for a *qualified* recidivist defendant who was "presently serving" a former indeterminate life term, under which a defendant can petition the original sentencing court for a recall of the sentence, and be considered for resentencing to a determinate sentence of double the term otherwise provided for the commitment convictions (i.e., what a trial court would impose under the prospective amendments to the recidivist sentencing statutes) if resentencing the defendant would not otherwise pose an unreasonable risk of danger to the public.  (§ 1170.126.)

Defendant Sidney Scott Hubbard filed a recall petition in December 2012.[2]  He alleged that in September 1996, a jury had found him guilty of attempted robbery and reckless evasion of a police pursuit, sustaining multiple allegations of prior convictions for serious felonies.  The trial court (Hull, J.) sentenced defendant to consecutive indeterminate terms of 25 years to life for the convictions, along with six years for the enhancements.[3]  Defendant requested the trial court to resentence him on his conviction for reckless evasion because it was not a serious or violent felony and did not otherwise come within an exception to section 1170.126.  The sentencing judge being unavailable (§ 1170.126, subd. (j)), the present trial court (Earl, J.) denied the recall petition without a hearing, finding defendant did not qualify for relief because one of his two commitment convictions was a serious and violent felony.

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Accordingly, we do not need to address whether defendants with sentences not yet final on appeal at the time of the 2012 amendments to section 667 are entitled to application of the revised sentencing provisions without filing a petition for recall pursuant to section 1170.126 (*People v. Yearwood* (2013) 213 Cal.App.4th 161 [no]), an issue still pending in the Supreme Court (*People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275, case fully briefed May 7, 2014).

[3]  We affirmed the judgment, the record in which we have incorporated by reference at defendant's request.  (*People v. Hubbard* (Jan. 12, 1999, C025306) [nonpub. opn.].)

On appeal, defendant challenged the trial court's interpretation of the statute.[4] We found the language of the statute less than pellucid about its application to a defendant who has a hybrid sentence consisting of both qualifying *and* nonqualifying commitment convictions. We ultimately concluded that the statement of purpose in subdivision (a) of section 1170.126 indicated that the sentence being served can consist only of qualifying offenses to be eligible for resentencing. (*People v. Hubbard*, review granted Oct. 29, 2014, S221541.)

The Supreme Court subsequently disagreed. In light of a historical background of giving individual consideration in sentencing to *each* offense of which a defendant is convicted, the absence of any express language in section 1170.126 precluding a similar process when petitioning for *resentencing* means a defendant is eligible on a count-by-count basis. (*People v. Johnson* (2015) 61 Cal.4th 674, 690.) The Supreme Court has now remanded this matter to us for reconsideration in light of this holding.

Because defendant's conviction for attempted robbery no longer disqualifies him from consideration for resentencing, and the People have not suggested any other basis for finding defendant ineligible, the trial court erred in dismissing the petition without considering on the merits whether resentencing defendant would pose an unreasonable risk of danger to the public. We must therefore reverse the order denying the petition and remand the matter to the trial court for further proceedings on the merits.

## DISPOSITION

The order denying the petition for recall of sentence on defendant's 1996 conviction for reckless evasion is reversed. The matter is remanded for the trial court to

---

[4] An order denying a petition for resentencing is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)

3

determine if defendant presents an unreasonable risk of danger to the public if resentenced.

                                                     _____BUTZ_____, Acting P. J.

We concur:

_____DUARTE_____, J.

_____HOCH_____, J.

4