Filed 5/19/16  P. v. Roberts CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B266152 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA389938) |
| WILLIAM SCOTT ROBERTS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stan Blumenfeld, Judge.  Dismissed.

Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

William Scott Roberts purports to appeal from postjudgment orders directing that the superior court clerk resend him notice of an earlier superior court order and denying his petition for writ of habeas corpus. Because these orders are not appealable, we dismiss the appeal.

## PROCEDURAL BACKGROUND

In March 2012 a jury convicted Roberts of one count of dissuading a witness from reporting a crime (Pen. Code,[1] § 136.1, subd. (b)(1)) and eight counts of dissuading a witness from testifying at trial (§ 136.1, subd. (a)(1)). The trial court found Roberts had three prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12) and had served five separate prison terms for felonies (§ 667.5, subd. (b)). After dismissing two of the prior strike convictions (see § 1385, *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), the court sentenced Roberts to an aggregate state prison term of 13 years.

In April 2015 Roberts filed in the superior court a document that consisted of a petition for "Judicial Notice [of an] Illegal Sentence 136.1" and a petition for "Intervention Correctional Case Records," which was drafted on a form for a petition for writ of habeas corpus. On May 1, 2015 the trial court construed the filing as a petition for writ of habeas corpus and, in a written decision, summarily denied it. The court directed the clerk to give notice.

On July 21, 2015 the court received from Roberts a document entitled "Motion for Judgment" dated July 2, 2015, in which he sought a ruling on his prior petitions. The court directed the clerk to serve Roberts with another copy of the May 1, 2015 order denying the petitions. On August 7, 2015 Roberts filed a notice of appeal from the July 21, 2015 order and what appears to be the May 1, 2015 order.

---

[1]     Statutory references are to the Penal Code.

2

## DISCUSSION

We appointed counsel to represent Roberts on appeal. After examination of the record, counsel filed an opening brief raising no issues. On January 14, 2016 we advised Roberts he had 30 days to submit any contentions or issues he wanted us to consider. We have not received a response. Attached to Roberts's notice of appeal, however, was a document entitled "Appellant's Opening Brief" that raised several issues.

To the extent Roberts is attempting to appeal from the order directing that the superior court clerk resend him a prior order, he is appealing from a non-appealable order. (See § 1237, subd. (b) [a defendant may appeal any order after judgment affecting his or her substantial rights]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 ["a postjudgment order 'affecting the substantial rights of the party' [under § 1237, subd. (b)] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].) Although "[o]ur cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)" (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3), an order directing mailing of a prior order does not qualify as such an order. To the extent Roberts is attempting to appeal from the order denying his petition for writ of habeas corpus, he is also appealing from a non-appealable order. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["no appeal lies from the denial of a petition for writ of habeas corpus"]; *Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064 ["[n]o appeal lies from an order denying a petition for writ of habeas corpus"].)

**DISPOSITION**

The appeal is dismissed.


SEGAL, J.

We concur:


PERLUSS, P. J.


ZELON, J.

4