Filed 7/6/16  P. v. Hickman CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B268480 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A772219) |
| v. | |
| WILBURT HICKMAN JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Appeal dismissed.

Lisa M. Sciandra, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

On October 8, 1985 Wilburt Hickman Jr. pleaded guilty to transporting or selling marijuana in violation of Health and Safety Code section 11360, subdivision (a). Imposition of sentence was suspended, and Hickman was placed on three years of probation on condition he serve 90 days in county jail.

On July 17, 2015 Hickman applied pursuant to Penal Code section 1170.18, subdivision (f), to reclassify the felony conviction as a misdemeanor. Although the record does not contain the trial court's ruling, the wording of a September 11, 2015 minute order indicates the application was denied. According to the minute order, the court held an ex parte hearing in chambers to address a "Letter From The Defendant Regarding Reconsideration For Proposition 47 Application Due To Defendant's Error." Having read and considered Hickman's letter, the court concluded Hickman's application was to "remain denied" because the offense of transporting or selling marijuana does not qualify for reclassification as a misdemeanor under Proposition 47.

On November 17, 2015 Hickman filed a handwritten notice of appeal from the September 11, 2015 order denying his motion for reconsideration. Attached to the notice were a number of exhibits including a copy of the 1985 felony complaint for the underlying matter and a form confirming Hickman's guilty plea to the charge of violating Health and Safety Code section 11360, subdivision (a).

We appointed counsel to represent Hickman on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On February 29, 2016 we advised Hickman he had 30 days in which to personally submit any contentions or issues he wished us to consider. On March 23, 2016 we received a handwritten letter in which Hickman claimed his October 8, 1985 conviction was not for transporting or selling marijuana, but for possession for marijuana, thereby making him eligible for Proposition 47 relief.[1]

_____

[1] Although one of the forms attached to Hickman's notice of appeal, somewhat similar in appearance to the current abstract of judgment form, identified his crime as "Possess Narcotic Controlled Substance," the relevant statute is listed on that sheet as Health and Safety Code section 11360, subdivision (a), which is consistent with the other

The initial order denying Hickman's petition for reclassification of his felony as a misdemeanor under Proposition 47 was an appealable order.  (Pen. Code, § 1237, subd. (b); see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)  We seriously question whether the subsequent order denying his motion for reconsideration is separately appealable under Penal Code section 1237, subdivision (b), as a postjudgment order affecting the substantial rights of the party.  (Cf. Code Civ. Proc., § 1008, subd. (g) [an order denying a motion for reconsideration is not separately appealable but is reviewable as part of an appeal from the order that was the subject of the motion for reconsideration].)  But even if it were appealable, or if we were to somehow construe the September 11, 2015 ruling as an order denying Hickman's petition to reclassify his felony offense as a misdemeanor, his appeal, filed on November 17, 2015, more than 60 days after entry of the September 11, 2015 order, is untimely.  (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after the making of the order being appealed].)  Accordingly, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.


PERLUSS, P. J.

We concur:


ZELON, J.                    GARNETT, J.[*]

---

documents in the record on appeal confirming Hickman's plea to one felony count of transporting or selling marijuana.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3