Filed 8/9/16  P. v. Bravo CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR BRAVO,<br><br>    Defendant and Appellant. | B269677<br><br>(Los Angeles County<br>Super. Ct. No. BA410426) |

APPEAL from an order of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Appeal dismissed.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 28, 2013 Hector Bravo pleaded no contest to one count of second degree burglary (automobile) (Pen. Code, § 459) and was sentenced to 16 months in county jail. On January 28, 2015 Bravo filed an application to have the felony conviction designated a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18). On March 2, 2015 the trial court denied the application, finding the offense did not qualify as a misdemeanor under Proposition 47.

Bravo filed a written request for the trial court to reconsider its ruling. After reviewing the case file, the court denied the request on October 7, 2015.

On November 5, 2015 Bravo filed a notice of appeal in which he checked the preprinted boxes indicating his appeal was based on "the sentence or other matters occurring after the plea," and "the denial of a motion to suppress evidence." Bravo also checked the box labeled "other basis for this appeal" and attached as an exhibit a letter dated October 29, 2015 and addressed to the criminal appeals unit of the superior court. In the letter Bravo again asked for his Proposition 47 application to be reconsidered. Bravo also asserted his plea to second degree burglary was involuntary, he was only guilty of trespassing, and he did not understand the nature and consequences of his plea.

We appointed counsel to represent Bravo on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On April 4, 2016 we advised Bravo he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

Bravo's notice of appeal does not expressly identify the order from which he is appealing; he left the date of the challenged judgment or order blank. To the extent Bravo is challenging the validity of the 2013 judgment based on his no contest plea to second degree burglary, his appeal is untimely. (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after the rendition of the judgment or order being appealed].) Similarly, although the March 2, 2015 order denying Bravo's application for Proposition 47 relief is an appealable order (see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601), the November 5, 2015 notice of appeal, filed approximately eight months after that denial, is untimely if the March 2, 2015 order is the intended

2

subject of his appeal.  Finally, the October 7, 2015 order denying Bravo's request for reconsideration of the earlier order denying Proposition 47 relief—the only other order made in these proceedings—is not separately appealable under Penal Code section 1237, subdivision (b), as a postjudgment order affecting the substantial rights of the party. (Cf. Code Civ. Proc., § 1008, subd. (g) [an order denying a motion for reconsideration is not separately appealable but is reviewable as part of an appeal from the order that was the subject of the motion for reconsideration].)  Accordingly, we have no jurisdiction in this matter and dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.


PERLUSS, P. J.


We concur:


ZELON, J.


GARNETT, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3