Filed 1/13/23 P. v. Mendez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN MENDEZ,<br><br>Defendant and Appellant. | F084538<br><br>(Super. Ct. No. CRM009929)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County. Carol K. Ash, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Peña, J. and Smith, J.

Juan Mendez appeals from an order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6 (formerly section 1170.95).[2]  (See § 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)  Mendez's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Mendez did not file a supplemental brief on his own behalf.  As explained below, we affirm the superior court's order dated June 8, 2022, denying the petition for resentencing.

## PROCEDURAL HISTORY

On July 29, 2010, a second amended information was filed charging Mendez in count 1, with premeditated, deliberate, willful murder (§ 187, subd. (a)); in count 2, with attempted murder (§§ 664/187, subd.(a)); and in count 3, with conspiracy to commit murder (§ 182, subd. (a)).  Gang (§ 186.22, subd. (b)(5)) and firearm enhancements (§ 12022.53, subd. (d)) were alleged as to each count.

On November 4, 2010, a jury found Mendez not guilty on counts 1 and 2, but found him guilty instead of the lesser violation of section 32, accessory.  He was found guilty on count 3 and the gang and firearm enhancements were found true.  On September 30, 2011, Mendez was sentenced to 50 years to life with a minimum parole period of 15 years.

On September 10, 2013, this court, in the appeal from the convictions, reversed one of the accessory convictions and the gang enhancement imposed on count 3.  In all other respects, the judgment was affirmed.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 for ease of reference unless otherwise indicated.

On April 5, 2018, as a result of *Batson/Wheeler*[3] error, the federal district court vacated the judgment.

On October 25, 2021, the prosecutor orally amended the information and Mendez entered no contest pleas to voluntary manslaughter (§ 192, subd. (a)); assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)); and two counts of being an accessory (§ 32). A gang enhancement (§ 186.22, subd. (b)(1)(A)) was admitted. In conformity with the plea agreement, Mendez was sentenced to 24 years in prison.

On January 12, 2022, Mendez filed a section 1170.95 (now § 1172.6) petition for resentencing. Counsel was appointed.

On March 9, 2022, the prosecution filed opposition to Mendez's petition. Mendez filed a reply to the opposition April 5, 2022; the prosecution filed a response on April 26, 2022, a second response on May 2, 2022, and a third response on May 24, 2022.

Mendez's petition was denied on June 8, 2022. In denying the petition, the trial court stated:

> "I do believe, just as a matter of law and as matter of procedure, I can make a finding he was previously acquitted of Counts 1 and 2. So he does fail to satisfy the requirement two of 1170.95(a) as a matter of law because he no longer ha[s] been convicted of murder or attempted murder. That would be a legal impossibility.

> "I believe conspiracy to commit murder was not included in the new amendment to 1170.95 as one of the charges that would cause him to be - allow him to file a petition for resentencing because he pled to manslaughter. He faced the possibility of being convicted of conspiracy to commit murder, not attempted murder or murder. That will be my ruling."

## DISCUSSION

In relevant part, a person convicted of murder or attempted murder may file a petition with the sentencing court to have that conviction vacated if (1) "[a] complaint,

---

**3**    *Batson v. Kentucky* (1986) 476 U.S. 79; *People v. Wheeler* (1978) 22 Cal.3d 258, overruled in part by *Johnson v. California* (2005) 545 U.S. 162.

information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," (2) the petitioner was convicted of murder or attempted murder following a trial or accepted a plea; and (3) the petitioner could not presently be convicted of murder or attempted murder because of changes to the law. (§ 1172.6, subd. (a)(1)-(3).) A petitioner may request the appointment of counsel. (*Id.* at subd. (b)(1)(C).)

If the petitioner makes a prima facie showing that he is entitled to relief, the court shall issue an order to show cause. (§ 1172.6, subd. (c).) If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so. (*Ibid.*) If the court issues the order to show cause and conducts a hearing, the prosecution has the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under the amended versions of section 188 or 189. (§ 1172.6, subd. (d)(3).)

On December 19, 2022, our Supreme Court analyzed whether the *Wende* process applies to a superior court's order denying a petition for postconviction relief under former section 1170.95. The high court held that *Wende* is not applicable in this situation. (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).) The high court instructed that, instead of using the process outlined in *Wende*, an appellate court should do the following when counsel submits notice that such an appeal lacks arguable merit. First, the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues. (*Delgadillo, supra,* at p. 222.) The defendant should then be permitted to file a supplemental brief or letter raising any argument the defendant wishes the court to consider. (*Ibid.*) Finally, if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned. (*Ibid.*)

4.

In *Delgadillo*, the Court of Appeal had provided notice to the defendant regarding his right to file a supplemental brief, but the Supreme Court concluded that the notice had been "suboptimal." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) The notice was problematic because it had indicated that the *Wende* procedures would apply when they did not, and the notice had not informed the defendant that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed. (*Ibid.*) However, to promote judicial economy, the high court conducted its own independent review of the record. (*Ibid.*) After conducting its review, the *Delgadillo* court determined that the defendant was not entitled to relief. (*Ibid.*)

Here, after Mendez's counsel filed the *Wende* brief, this court informed Mendez that he could file a letter in this matter stating any grounds that he wanted this court to consider. Mendez, however, did not file anything with this court. Based on *Delgadillo*, the notice that this court sent to Mendez must be deemed "suboptimal" because he was not informed that his appeal would be dismissed as abandoned if no supplemental brief or letter was filed. Accordingly, even though *Wende* is inapplicable in this situation, we will nevertheless conduct our own independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 233.)

We have carefully reviewed the entire record, and we conclude Mendez is not entitled to relief. The trial court provided the required statement setting forth its reasons for denying the petition for resentencing. (See § 1172.6, subd. (c).) The superior court's ruling is correct as explained below.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) Senate Bill No. 775 modified the law to "expand the authorization to allow a person who was convicted of murder

5.

under any theory under which malice is imputed to a person based solely on that person's participation in a crime ... to apply to have their sentence vacated and be resentenced," and to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

We conclude the trial court properly determined Mendez was not entitled to section 1172.6 relief because he faced the possibility of being convicted of conspiracy to commit murder, not attempted murder or murder. When Mendez pled to voluntary manslaughter on October 25, 2021, Senate Bill No. 1437 enacting then section 1170.95 and prohibiting murder convictions based on specific grounds that had previously been allowed (§§ 188, 189), had been law for almost three years. When the parties reached the plea agreement, they would have known that any trial on the charges would have to be based on the new restrictions for murder cases.

While Senate Bill No. 775 added pleas to manslaughter and attempted murder, it did not change the state of the law regarding murder convictions any further than Senate Bill No. 1437 did. Mendez was facing a conspiracy to commit murder charge. Had it proceeded to trial, it would have been based on the correct law and certainly the court and all counsel would have known that.

Senate Bill No. 775 did add if someone was facing attempted murder charges based on natural and probable consequences and pled, it could be subject to resentencing, but that change did not affect Mendez. He was not facing attempted murder charges; he was facing conspiracy to commit murder.

To recap, an amended information filed in July of 2010 alleged murder, attempted murder, and conspiracy to commit murder. Mendez was found not guilty of murder and attempted murder, but guilty on the conspiracy to commit murder charge, as well as a couple of lesser included offenses of being an accessory. However, the conviction was

6.

ultimately overturned by the United States District Court on *Batson/Wheeler* issues. The case was reset for jury trial, beginning in 2019, after Senate Bill No. 1437 made substantive changes to sections 188, and 189. While a corrected information was never filed, the People could only proceed on conspiracy to commit murder and being an accessory, with various enhancements since the original jury found Mendez not guilty of murder and attempted murder.

Had the People proceeded to trial he could not have been convicted of murder or attempted murder under natural or probable consequences theories, nor felony murder theories for two reasons: 1) the changes to sections 188 and 189 had been law for almost three years at the time of his plea, the court would not have been allowed to instruct on those now prohibited theories; and 2) Mendez was no longer charged with murder or attempted murder so he could not have been convicted of either had the trial occurred. He could only be convicted of conspiracy to commit murder, which requires specific intent and which is still valid grounds for a conviction. (*People v. Swain* (1996) 12 Cal.4th 593, 607 ["[A] conviction of conspiracy to commit murder requires a finding of intent to kill."]; *People v. Beck & Cruz* (2019) 8 Cal.5th 548, 641 [" '[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder.' "]

Thus, Mendez is statutorily ineligible for resentencing and the trial court properly denied the petition. Accordingly, we affirm the superior court's ruling.

## DISPOSITION

The order is affirmed.