Filed 10/1/24; certified for publication 10/29/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

CHARLOTTE MUHA et al.,

    Plaintiffs and Appellants,

       v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant and Respondent.

G062621

(Super. Ct. Nos. 30-2021-
01233648; 30-2021-01233482)

O P I N I O N

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Affirmed.

Ademi, John D. Blythin, and Monteverde & Associates, and David E. Bower, for Plaintiffs and Appellants.

Jones Day, John A. Vogt, Ryan D. Ball, David A. Phillips, Nathaniel P. Garrett, for Defendant and Respondent.

Charlotte Muha, Chaning, Graber, and Debra Graber (collectively "Plaintiffs") appeal from a judgment of dismissal entered after the superior court granted a motion for judgment on the pleadings brought by Experian Information Solutions, Inc. ("Experian"). The superior court granted Experian's motion based on *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671 (*Limon*), which generally held that a plaintiff must allege a concrete injury to sue in state court. Plaintiffs contend *Limon* was wrongly decided. As discussed below, we find *Limon* persuasive, and conclude that Plaintiffs lacked standing to sue. Accordingly, we affirm.

PROCEDURAL HISTORY

I.

COMPLAINTS

On November 24, 2021, Plaintiffs' counsel filed two class action complaints against Experian in Orange County Superior Court under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* Charlotte Muha was the sole named plaintiff in one complaint, while Chaning Graber and Debra Grabner were the named plaintiffs in the other. As the superior court noted, aside from the different named plaintiffs, the allegations in both cases are identical. Subsequently, both cases were consolidated, with the *Muha* action deemed the lead case.

The complaints alleged that Plaintiffs are residents of the State of Wisconsin. In 2020, they requested copies of their consumer report from Experian, which is a consumer reporting agency ("CRA") as defined by the FCRA (15 U.S.C. § 1681(a)). In response, Experian mailed a copy of their consumer report to each respective Plaintiff. The complaints alleged the "Summary of Rights" portion of the consumer reports was "inconsistent with 15 U.S.C. § 1681g(c) and Appendix K of Regulation V because it [did] not

2

include 'a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights,'" in violation of 15 U.S.C. § 1681g(c)(2)(D). Plaintiffs asserted, on information and belief, that "Experian knowingly and willfully made the decision to remove th[at] portion of the Summary of Rights." They prayed for actual damages, statutory damages, and punitive damages on behalf of themselves and the purported class.

## II.

### REMOVAL

Experian removed the actions to federal district court. In federal court, Plaintiffs moved to remand the actions back to state court on the basis that they lacked standing to sue in federal courts. They note that in the context of claims almost identical to their FCRA claims, the United States Supreme Court has held that "[t]o have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffer a concrete harm." (*TransUnion LLC v. Ramirez* (2021) 594 U.S. 413 (*TransUnion*).) Plaintiffs argued, that "[e]ven when a plaintiff alleges a defendant's failure to disclose information required by statute caused them an 'informational injury,' that statutory violation does not provide standing unless the plaintiff identifies 'downstream consequences" because "[a]n asserted informational injury that causes no adverse effects cannot satisfy Article III." (*Id.* at p. 442.) Plaintiffs argued they lacked standing under section 2 of Article III of the United States Constitution (Article III standing) because they "clearly do[] not allege" that they "suffered any 'downstream consequences'" as a result of Experian's alleged misconduct. Thus, they claimed, their actions merely seek to "'vindicate procedural violations of

3

applicable credit reporting laws', and therefore the alleged harm does not establish Article III standing." (*Winters v. Douglas Emmett, Inc.* (C.D. Cal. 2021) 547 F.Supp.3d 901, 908.) Plaintiffs argued remand rather than dismissal was proper because "'a lack of Article III standing does not necessarily preclude a plaintiff from vindicating a federal right in state court.' [Citations.]"

The federal district court granted Plaintiffs' remand motion on the basis that Plaintiffs' allegations did not establish Article III standing. The court explained that "Plaintiffs' FCRA claim is straightforward: they submitted requests to [Experian] for a copy of their consumer reports and [Experian] produced reports that were missing information required by law." However, "Plaintiffs do not allege that such non-disclosure resulted in any particular harm to them." "Plaintiffs have not alleged that they had some reason to contact state authorities, would have done so if the requisite information was provided, and incurred some harm or face the substantial risk of some harm arising from the missed opportunity to contact state authorities."

### III.

#### JUDGMENT ON THE PLEADINGS

Following remand, on October 5, 2022, Experian moved for judgment on the pleadings, arguing Plaintiffs' FCRA allegations did not state a cause of action because: (1) Plaintiffs lacked standing under Wisconsin law since they did not suffer a concrete injury; and (2) their FCRA claim does not fall within the "zone of interests" that FCRA is designed to protect. In response, Plaintiffs argued, among other grounds, that California law should apply and they have standing to sue under California law.

4

Before the trial court decided Experian's motion for judgment on the pleadings, the Court of Appeal for the Fifth District issued its opinion in *Limon*, *supra,* 84 Cal.App.5th 671. *Limon* generally held that a plaintiff must allege or suffer a concrete or particularized injury to bring a claim under the FRCA in California state courts. (*Id.* at p. 706.) Thereafter, on November 10, 2022, Experian filed a notice of supplemental authority, in which it asserted that *Limon* demonstrates Plaintiffs lack standing under California law.

On November 21, 2022, the superior court continued the hearing on Experian's motion for judgment on the pleadings until January 13, 2023. On January 6, 2023, in a Joint Status Conference Statement Plaintiffs stated their belief that the superior court should stay Experian's motion in light of a petition for review filed in *Limon* with the California Supreme Court, as well as Plaintiffs' own request to depublish the *Limon* opinion. Plaintiffs argued that a stay was warranted because "the issue in *Limon* is similar to the issue raised in this consolidated action – whether a consumer has standing under California law to sue when the defendant is alleged to have willfully violated the plaintiff's statutory rights, where the plaintiff has not alleged injury beyond injury to her statutory rights."

On January 13, 2023, the superior court heard oral argument and issued a tentative ruling granting Experian's motion for judgment on the pleadings. In its tentative ruling, the court explained that, "[l]ike the employee in *Limon*, Plaintiffs admitted in federal court that they suffered no concrete injury as a result of the alleged FCRA violations. They argued they suffered no 'downstream consequences' of the alleged FCRA violations." Thus, under California law as set forth in *Limon*, they lack standing to sue. Because *Limon* was still under review at the Supreme Court, however, the superior court deferred making its tentative ruling its final ruling.

5

After the California Supreme Court denied the petition for review and request for depublication of *Limon*, on January 31, 2023, Plaintiffs filed a response to Experian's notice of supplemental authority. Plaintiffs argued that *Limon* does not compel dismissal because *Limon* erred when it held that consumers who seek purely statutory damages must prove actual injury. They contend that because they are entitled to recover statutory damages, "[t]his is all the 'beneficial interest' necessary for standing in California, notwithstanding *Limon*."

The superior court held a second hearing on Experian's motion for judgment on the pleadings on March 1, 2023. After the hearing, the court confirmed its tentative ruling and granted Experian's motion for judgment on the pleadings. Judgment in favor of Experian was entered on March 14, 2023. Plaintiffs timely appealed.

## DISCUSSION

### I.

### DUE PROCESS

As an initial matter, we address Plaintiffs' request that this court should, "[a]t a bare minimum," vacate the judgment and remand the matter because the superior court did not allow the parties to brief *Limon*. Although the parties completed their briefing on Experian's motion before *Limon* was issued, the record shows the parties submitted written argument on *Limon* before the superior court issued its final ruling. Accordingly, the parties were afforded due process and remand is not warranted.

### II.

### STANDING TO SUE

Turning to the sole substantive issue in this matter, Plaintiffs argue the superior court erred in granting Experian's motion for judgment on

the pleadings based on lack of standing because *Limon* was wrongly decided. We review the grant of judgment on the pleadings de novo. (*Greif v. San*in (2022) 74 Cal.App.5th 412, 426; see *People for Ethical Operation of Prosecutors and Law Enforcement v. Spitzer* (2020) 53 Cal.App.5th 391, 408 ["standing is typically a question reviewed de novo"].)

A. *The FCRA*

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *(Safeco Ins. Co. of America v. Burr* (2007) 551 U.S. 47, 52.) The FCRA requires CRAs to disclose certain information to the consumer upon request. (15 U.S.C. § 1681g.) As relevant in this case, a disclosure to the consumer must include, inter alia, a generic "statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights." (15 U.S.C. § 1681g(c)(2)(D).) The FCRA also provides certain enforcement mechanisms. If a CRA willfully fails to comply with its obligations, including its disclosure obligations, the FCRA grants a cause of action for actual or statutory damages. (See 15 U.S.C. § 1681n(a).) Specifically, section 1681n(a)(1)(A) provides that any person who willfully fails to comply with any requirement imposed by the FCRA is liable to a consumer in an amount equal to "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." (*Ibid.*)

In *Limon, supra,* 84 Cal.App.5th 671, the plaintiff (Ernesto Limon) alleged his employer violated the FCRA "by failing to provide him with proper FCRA disclosures when it sought and received his authorization to obtain a consumer report about him in connection with his application for

7

employment, and by actually obtaining the consumer report in reliance on that authorization." (*Limon*, 84 Cal.App.5th at p. 680, fn. omitted.) Limon initially filed a complaint in federal district court, but after the district court dismissed the complaint for lack of Article III standing, Limon filed the complaint in state court. The employer demurred to the complaint on the ground, among others, that Limon lacked standing to sue because he "did not allege or suffer any resulting, cognizable harm or injury." (*Ibid.*) The trial court sustained the demurrer, and the appellate court affirmed.

The *Limon* court held that, "as a general matter, to have standing to pursue a claim for damages in the courts of California, a plaintiff must be beneficially interested in the claims he is pursuing." (*Limon, Supra*, 84 Cal.App.4th at p. 700.) Although California courts are not constrained by the case or controversy provisions of Article III of the U.S. Constitution, "they have also equated the 'beneficially interested' test for standing in California to the injury-in-fact prong of the Article III test for standing in the federal courts." (*Id.* at pp. 697-698 [collecting cases].) The *Limon* court concluded Limon "has not alleged a concrete or particularized injury to his privacy interests sufficient to afford him an interest in pursuing his claims vigorously." (*Id.* at p. 706.) Although Limon alleged an informational injury, he "failed to allege any concrete injury in connection with his claim of informational injury." (*Id.* at p. 707.) "[U]nder California law, . . . an informational injury that causes no adverse effect is insufficient to confer standing upon a private litigant to sue under the FCRA." (*Ibid.*) "Thus, his alleged informational injury is insufficient under California law to confer upon him standing to pursue his claim in state court." (*Ibid.*)

8

*B. Beneficial Interest*

Plaintiffs do not challenge "the *general principle* that a plaintiff must *have* a beneficial interest in the outcome of litigation," but they argue the "statutory damages under 15 U.S.C. § 1681n for willful conduct directed at the consumer *are* both an interest and a remedy due to the consumer." Plaintiffs contend they need not allege actual injury to recover statutory damages under 15 U.S.C. § 1681n, and argue the *Limon* court erred in so concluding. We are not persuaded that *Limon* was incorrectly decided. (See *The MEGA Life & Health Ins. Co. v. Superior Court* (2009) 172 Cal.App.4th 1522, 1529 [although we "are not bound by the decision of a sister Court of Appeal," "'we ordinarily follow the decisions of other districts without good reason to disagree'"].)

A beneficial interest means the party has a special interest over and above the interest of the public at large. (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 829.) This standard "is equivalent to the federal 'injury in fact' test, which requires a party to prove by a preponderance of the evidence that it has suffered 'an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."' [Citation.]" (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 362.) Although the California Supreme Court used the term "concrete interests" rather than "concrete injury" in *Teal v. Superior Court* (2014) 60 Cal.4th 595, the high court there reaffirmed that standing to sue requires a beneficial interest. (See *id.* at p. 599 [To have standing, "'[t]he party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical'"].) Thus, as a general rule, a plaintiff must allege he or she suffered a concrete "injury," as

9

that term is used in Article III standing jurisprudence, to sue in California state court.

The general rule that a concrete injury is required before a plaintiff can bring a claim in state court may be modified by the Legislature. Under California law, "[t]he prerequisites for standing to assert statutorily based causes of action are determined from the statutory language, as well as the underlying legislative intent and the purpose of the statute." (*Boorstein v. CBS Interactive, Inc.* (2013) 222 Cal.App.4th 456, 466 (*Boorstein*); see *White v. Square, Inc.* (2019) 7 Cal.5th 1019, 1024 ["Standing rules for statutes must be viewed in light of the intent of the Legislature and the purpose of the enactment"].) Thus, as the *Limon* court noted, "the Legislature may authorize public interest lawsuits by a plaintiff even if that plaintiff has not been injured by the claimed violation." (*Limon*, *supra*, 84 Cal.App.5th at pp. 693-694.) Plaintiffs do not claim the California Legislature expressly authorized FCRA claims by plaintiffs who have not been injured by the FCRA violations. Nor do they claim that the FCRA conferred public interest standing on them. (See *Limon*, p. 703 ["We discern no basis upon which to conclude the FCRA was intended to confer public interest standing upon a private litigant"].)

Rather, Plaintiffs allege they have a beneficial interest because they suffered an informational injury—the failure to include one required disclosure—that entitles them to statutory damages. However, as the *Limon* court noted, "under California law, . . . an informational injury that causes no adverse effect is insufficient to confer standing upon a private litigant to sue under the FCRA." (*Limon*, *supra*, 84 Cal.App.5th at p. 707.) *Boorstein*, *supra*, 222 Cal.App.4th 456, is illustrative. There, the plaintiff sued a business for failing to include certain disclosures on its website as required by the Shine the Light law (the STL law), Civil Code section 1798.83 *et seq.* (*Boorstein*, 222

10

Cal.App.4th at pp. 460-461.) With respect to his standing to sue under the STL law, "Plaintiff contend[ed] that he suffered a cognizable injury—an 'informational injury'—because he did not receive information to which he was statutorily entitled." (*Id.* at p. 472.) The appellate court noted that "Plaintiff has not cited any California cases recognizing 'informational injury,' and we are not aware of any such cases." (*Ibid.*) However, to the extent "informational injuries may be cognizable in some cases, under the STL law, a defendant's failure to post information on its Web site in the manner the statute requires, *without more*, does not give rise to a cause of action." (*Ibid.*)

Federal law is in accord. In *TransUnion, supra,* 594 U.S. 413, the U.S. Supreme Court analyzed a claim brought under the FCRA for failure to include required information in a single mailing of the plaintiffs' credit files. The high court noted the plaintiffs identified no "downstream consequences" from failing to receive the required information, and it concluded that an "'asserted informational injury that causes no adverse effects cannot satisfy Article III.' [Citation.]" (*Id.* at p. 442.)

The fact that a plaintiff may recover statutory damages without alleging or proving "actual harm" under the FCRA is irrelevant. As noted, the FCRA provides that under certain circumstances a plaintiff may recover actual damages or statutory damages or both. Actual damages require "proof of actual harm." (*Syed v. M-I, LLC* (9th Cir. 2017) 853 F.3d 492, 498, citing *Crabill v. Trans Union, L.L.C.* (7th Cir. 2001) 259 F.3d 662, 664 (*Crabill*).) Although proof of actual harm is not required to recover statutory damages, this does not obviate the need for an "injury in fact" when bringing an FCRA claim purely for statutory damages. As the *Crabill* court stated: "Many statutes, notably consumer-protection statutes, authorize the award of

11

damages (called 'statutory damages') for violations that cause so little measurable *injury* that the cost of proving up damages would exceed the damages themselves, making the right to sue nugatory." (*Crabill*, *supra*, 259 F.3d at p. 665, italics added.) "Injury in fact" is required because "if no injury is alleged (or, if the allegation is contested, proved, [citation]), . . . there is no case or controversy between the parties within the meaning of Article III of the Constitution." (*Ibid.*)

Like the plaintiff in *TransUnion, supra,* 594 U.S. 413, Plaintiffs in this case represented in federal district court they had not "suffered any 'downstream consequences'" as a result of Experian's alleged misconduct. Accordingly, they did not suffer an "injury in fact" under Article III, and therefore, they do not have a beneficial interest under California standing law. Without a beneficial interest, Plaintiffs lack standing to sue in state court. The superior court properly granted Experian's motion for judgment on the pleadings.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

DELANEY, J.

WE CONCUR:

SANCHEZ, ACTING P.J.

MOTOIKE, J.

12

Filed 10/29/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLOTTE MUHA et al., | |
| Plaintiffs and Appellants, | G062621 |
| v. | (Super. Ct. Nos. 30-2021-01233648; 30-2021-01233482) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | O R D E R |
| Defendant and Respondent. | |

        Trader Joe's Company has requested that our opinion, filed on October 1, 2024, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

        The opinion is ordered published in the Official Reports.


                                 DELANEY, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

MOTOIKE, J.