Filed 12/17/24  P. v. Armstrong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100292 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F05757) |
| v. | |
| MICHAEL LEE ARMSTRONG, | |
| Defendant and Appellant. | |

Defendant Michael Lee Armstrong appeals from the trial court's denial of his Penal Code section 1172.6 resentencing petition.[1]  He contends that the court failed to realize it had discretion to grant him the alternative relief requested in his briefs and at the section 1172.6 hearing.  Finding no merit to this contention, we affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

In 2011, a jury found defendant guilty of two counts of second degree murder (Pen. Code, § 187, subd. (a)) and found true as to each count that defendant personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). Following a remand from this court due to sentencing error, the trial court sentenced defendant to 80 years to life imprisonment.

In 2023, defendant petitioned for resentencing pursuant to section 1172.6, asserting he could no longer be convicted of murder due to legislative changes to murder liability. The People opposed the petition, arguing defendant was ineligible for relief because the jury had not been instructed on a now invalid theory of murder. In reply, defendant stated, "If the court disagrees that there is relief under section 1172[.6], the defense requests the court to either [reduce] the gun enhancements to lesser charges or stay them." The reply brief discussed how recently enacted Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2), which amended section 12022.53, and Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), which amended section 1385, would permit such relief.

The trial court issued a tentative order denying the section 1172.6 petition, "[b]ecause the jury was not instructed on a now invalid theory of murder." At the prima facie hearing on January 19, 2024, defense counsel said, "I wanted to make sure I clarified that I was also asking for 1385 relief as well as the 1172. As long as we have Mr. Armstrong up here for this hearing, it seemed appropriate to, under the new laws, consider whether or not he should be resentenced, not just under the 13 -- the 1172 provisions but also under the fact that the sentencing laws have changed greatly." The prosecution responded that "[p]rocedurally, 1172.6 is not the mechanism to address the substantive matter of the defense's claim for SB 81 and SB 620 relief." The court ruled that "the 1172.6 petition is denied as without merit for the reasons that I indicated in my tentative ruling. [¶] As to the relief pursuant to SB 81 and SB 620, I'm very familiar

2

with this case, having tried it, and I think that there is definitely a basis to consider more fully and address the concerns raised by [defense counsel]. [¶] [The prosecution] is correct; this is not the proper forum insofar as this is before the Court pursuant to an 1172.6 petition, but I will entertain at a later time a habeas petition or other vehicle by which to address the concerns that were raised in an auxiliary way by [defense counsel] in the reply to the People's response."

Defendant timely appealed.

## II. DISCUSSION

Defendant argues the matter must be remanded because the trial court failed to realize it had discretion under section 1172.1 to grant him the alternative relief requested. As recently amended, section 1172.1 permits a trial court to recall a defendant's sentence and resentence the defendant "on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) The People respond that this court lacks jurisdiction to consider defendant's claim on appeal. We disagree with both parties.

Regarding our jurisdiction, the trial court's order denying relief pursuant to section 1172.6 is appealable as an order made after judgment affecting a party's substantial rights. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598, 600-601.) Defendant timely appealed from that order, and defendant's claim concerns statements made by the trial court when ruling on the section 1172.6 petition. In these circumstances, defendant's claim is properly before us.

That said, we do not read the court's ruling as defendant does. The court never stated that it lacked discretion to grant the alternative relief requested by defendant; in fact, the court made clear it would entertain defendant's request at a later time. The court stated only that a hearing on a section 1172.6 petition was "not the proper forum" for the court to consider the request, particularly because the request was "raised in an auxiliary

3

way" in defendant's reply brief on the section 1172.6 petition.  We do not understand the court to believe that it *could not* grant the alternative relief at the section 1172.6 hearing, but rather that it preferred not to do so in that context.  Accordingly, we find no error in the trial court's order denying defendant's petition.

### III.  DISPOSITION

The postjudgment order denying defendant's section 1172.6 petition is affirmed.


/S/

_____

RENNER, J.



We concur:


/S/

_____

EARL, P. J.


/S/

_____

KRAUSE, J.



4