Filed 11/6/14

# IN THE SUPREME COURT OF CALIFORNIA

BENNIE JAY TEAL, )
)
      Plaintiff and Appellant, )
)               S211708
      v. )
)      Ct.App. 2/7 B247196
THE SUPERIOR COURT OF )
LOS ANGELES COUNTY, )
)      Los Angeles County
      Defendant and Respondent; )    Super. Ct. No. NA026415
)
THE PEOPLE, )
)
      Real Party in Interest )
      and Respondent. )
_____)

On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 (the Act), which became effective the next day. Before the Act's passage, the Three Strikes law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted for any new felony offense. (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.) The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other

disqualifying factors.  (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)[1]  The Act also enacted section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence.  (§ 1170.126, subd. (b).)

In this case, petitioner Bennie Jay Teal filed a petition for recall of his sentence.  Finding that his current offense was a serious felony, the trial court denied the petition.  The issue before us is whether the trial court's denial of defendant's petition for recall of sentence on the ground he failed to meet the threshold eligibility requirement (§ 1170.126, subd. (b)) is an appealable order (§ 1237, subd. (b)).  We conclude that the trial court's denial of the petition for recall is an appealable order.

## I. BACKGROUND

On April 1, 1996, a jury convicted petitioner of one count of making a criminal threat.  (§ 422.)  Because petitioner had suffered at least two prior serious felony convictions, the trial court sentenced him to a total term of 25 years to life pursuant to the Three Strikes law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

On December 6, 2012, petitioner filed a motion to recall his sentence in the trial court.  (§ 1170.126.)  He argued, in part, that he was eligible for resentencing because his current offense had not been categorized as a serious felony at the time of his original conviction.  On January 22, 2013, the court denied petitioner's request for resentencing.  It found that he was ineligible because his current offense for making a criminal threat was now defined as a serious felony.  (§§ 1170.126, subd. (f), 1192.7, subd. (c)(38).)

---

[1]     All statutory references are to the Penal Code.

On February 21, 2013, petitioner filed a notice of appeal. The Court of Appeal appointed counsel who requested that the court conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. In a published opinion, the Court of Appeal held that the trial court's order denying the petition for recall was not appealable, treated the notice of appeal as a petition for writ of mandate, and denied the petition on the merits. Regarding appealability, the Court of Appeal reasoned that "[b]ecause inmates do not have a right to have the trial court consider whether they should be resentenced unless they meet the statutory eligibility requirements, the trial court's threshold eligibility determination, based on express objective criteria, is not a postjudgment order affecting the substantial rights of the party and is not appealable under section 1237, subdivision (b)." In the extraordinary writ proceeding, the Court of Appeal held that petitioner was ineligible for resentencing on a different ground than the trial court's basis for denial. The Court of Appeal found that one of his prior strike convictions was for the rape of a spouse (§ 262, subd. (a)), a sexually violent offense for purposes of section 1170.126, subdivision (e)(3).

We granted the petition for review filed by petitioner to determine whether the trial court's denial of the petition for recall of his sentence is an appealable order.

## II. DISCUSSION

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citation.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) The Act does not address whether a trial court's denial of a petition for recall of sentence under section 1170.126, is appealable. However, section 1237, subdivision (b), provides that a defendant may appeal from "any order made after judgment, affecting the substantial rights of the party."

3

Petitioner claims that because section 1170.126 creates a substantial right in the form of a statutory postjudgment motion, the trial court's denial of the motion is appealable under section 1237, subdivision (b). On the other hand, the Attorney General argues petitioner did not have a right to appeal the trial court's denial of his petition because he did not meet the threshold eligibility requirements to file a petition for recall in the first place. As explained below, petitioner's claim of eligibility for resentencing under section 1170.126 is appealable, even though the Court of Appeal ultimately concluded that petitioner is not eligible for resentencing.

Section 1170.126, subdivisions (a) and (b), broadly describe who is eligible to file a petition and to be resentenced. Subdivision (a) of section 1170.126 states: "The resentencing provisions under this section and related statutes *are intended to apply exclusively* to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence.*" (Italics added.)

Subdivision (b) of section 1170.126 states: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence . . . .*" (Italics added.)

The Attorney General claims that the above provisions establish a threshold eligibility requirement that determines an inmate's standing to file a petition as well as the trial court's jurisdiction. She reasons that because petitioner's current offense is presently defined as " 'serious' " under subdivision (c) of section

4

1192.7, he had no statutory right or standing to file a petition for recall of sentence. Therefore, the trial court's denial order did not affect his substantial rights and is not appealable under section 1237. She further argues that because a trial court has no statutory authority to initiate recall proceedings or consider a defendant's eligibility for relief on its own motion, it lacks jurisdiction to decide issues beyond the threshold eligibility determination when a petitioner fails to meet those eligibility requirements. We disagree.

First, petitioner had standing to file the petition and to have the trial court consider his eligibility claim on the merits. "As a general principle, standing to invoke the judicial process requires an actual justiciable *controversy* as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented to the adjudicator. [Citations.] *To have standing, a party must be beneficially interested in the controversy*; that is, he or she must have 'some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' [Citation.] The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical." (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314-315, italics added.)

Petitioner meets these standing requirements. He filed a timely petition alleging a justiciable controversy affecting concrete interests. He claims he is eligible for resentencing under section 1170.126, because he was serving a Three Strikes life sentence and his current conviction for making a criminal threat was not a serious or violent felony at the time of his conviction.

Second, the trial court's authority or discretion to determine the merits of petitioner's claim was not predicated on his eligibility to file a petition in the first

5

instance. After the filing of the petition, the trial court was required to determine petitioner's eligibility for resentencing as provided in subdivisions (e) and (f) of section 1170.126. Subdivision (f) states that "[u]pon *receiving* a petition for recall of sentence under this section, the court *shall determine* whether the petitioner satisfies the criteria in subdivision (e)." (§1170.126, subd. (f), italics added.) To be "eligible for resentencing," subdivision (e) requires that (1) the petitioner is serving an indeterminate life term imposed under the Three Strikes law for a felony not defined as serious and/or violent (the same requirement as stated in subd. (b)) and (2) the petitioner's current and prior convictions are not for certain designated offenses. (§1170.126, subd. (e).) Subdivision (f) further provides that "[i]f the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§1170.126, subd. (f).) The court's finding of ineligibility here provided a basis to deny the petition. It did not affect petitioner's standing to file the petition in the first instance.

The Attorney General's argument on appealability is premised on the correctness of the trial court's ineligibility finding. Indeed, she devotes much of her brief arguing that the trial court's denial order is not appealable because petitioner's current offense for making a criminal threat, although not a serious or violent felony at the time of his conviction, is presently defined as a serious felony. However, a postjudgment order "affecting the substantial rights of the party" (§ 1237, subd. (b)) does not turn on whether that party's claim is

meritorious, but instead on the nature of the claim and the court's ruling thereto.**2** (Cf. *People v. Mena* (2012) 54 Cal.4th 146, 152-153 [order denying lineup motion affected " 'substantial rights of the defendant,' " allowing appeal without consideration of merits]; *People v. Gamache* (2010) 48 Cal.4th 347, 375, fn. 13 ["[s]ection 1259 permits appellate review of *claimed* errors to the extent they 'affected the substantial rights of the defendant' " (italics added)]; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1295, fn. 15 ["a *claim* of an unlawful sentence may be raised on appeal, even though the court may ultimately conclude that the sentence was not unlawful"]; *People v. Coleman* (1978) 86 Cal.App.3d 746, 750 [order denying release resulting in continued indefinite, involuntary commitment appealable under § 1237].)  Section 1170.126 creates a substantial right to be resentenced and provides a remedy by way of a statutory postjudgment motion.  A denial of a section 1170.126 petition, foreclosing a reduced sentence, would certainly "*affect*[] the substantial rights of the party."  (§ 1237, subd. (b), italics added.)**3**

---

**2**      We intimate no view on the merits of the trial court's finding that petitioner's current offense for making a criminal threat was defined as a serious felony, rendering him ineligible for resentencing under section 1170.126.

**3**      The Attorney General does not contest the point that an erroneous denial of a petition for recall of sentence under section 1170.126 affects a petitioner's substantial rights.  Instead, she argues that a trial court's determination of eligibility is frequently routine, requiring only a quick check as to whether a petitioner's current offense is listed as a " 'violent' " or " 'serious' " felony in section 667.5, subdivision (c), or 1192.7, subdivision (c).  She suggests that because the answer is readily discernible, an extraordinary writ is a sufficient means to contest the trial court's denial order.  However, in some instances, a trial court must make " 'serious felony' " findings beyond the established elements of the current offense and any attendant enhancements found true by the trier of fact.  (§ 1192.7, subd. (c)(8) [personal infliction of great bodily injury or personal use of firearm] & (23) [personal use of dangerous or deadly weapon].)  Thus, there may be some eligibility determinations for resentencing that are neither routine nor

*(Footnote continued on next page.)*

In *People v. Totari* (2002) 28 Cal.4th 876, 886-887, we declined to impose a similar procedural obstacle to appellate review of a postjudgment motion to vacate authorized by section 1237, subdivision (b). There, we held that because section 1016.5 gave noncitizen defendants a substantial right to complete advisements about the immigration consequences of a plea and a means to obtain relief by way of a statutory postjudgment motion to vacate, a denial of the motion qualifies as an order after judgment affecting the defendant's substantial rights. (*Totari*, at pp. 883, 886-887.) We rejected the People's argument that the defendant's right to appeal depended on the resolution of an issue on the merits of the motion to vacate, i.e., whether he knew of the immigration consequences of his plea before he was sentenced. We reasoned that the People's position "confuses the contested issues on the merits with the procedural question of appealability" (*id*. at p. 884) and would result in judicial inefficiency by requiring the reviewing court to "determine whether this defendant is likely to prevail in order to determine whether he can appeal" (*id*. at p. 885). Similarly, here, the Attorney General confuses the issues on the merits with the procedural question of appealability. The test of appealability under section 1237, subdivision (b), does not depend on the resolution of "an issue to be determined on the merits." (*Totari*, at p. 884.)

Accordingly, we conclude that the Court of Appeal erred in holding that the trial court's denial of petitioner's section 1170.126 motion for recall of sentence

---

*(Footnote continued from previous page.)*

straightforward. Even on straightforward determinations, trial courts can make mistakes.

was a nonappealable order.  The denial order is an appealable order under section 1237, subdivision (b).

### III.  DISPOSITION

We reverse the Court of Appeal's judgment relating to the procedural issue of appealability, insofar as it treated petitioner's appeal as a petition for writ of mandate rather than a proper appeal.  We affirm the judgment in all other respects.[4]

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
BAXTER, J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.
ROBIE, J.*

---

[4] Petitioner sought review only on the procedural issue of whether the trial court's denial of his motion for recall of sentence is an appealable order.  He does not claim that the Court of Appeal incorrectly decided the merits in the separate extraordinary writ proceeding, i.e., that he is ineligible for resentencing under section 1170.126, subdivision (e)(3).  Thus, we need not remand the matter to that court for reconsideration of the merits.

* Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Teal v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 217 Cal.App.4th 308
**Rehearing Granted**

_____

**Opinion No.** S211708
**Date Filed:** November 6, 2014

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** William C. Ryan

_____

**Counsel:**

Richard B. Lennon, under appointment by the Supreme Court, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson, Jaime L. Fuster and Noah P. Hill, Deputy Attorneys General, for Real Party in Interest and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Richard B. Lennon
California Appellate Project
520 S. Grand Avenue, 4th Floor
Los Angeles, CA  90071
(213) 243-0300

Noah P. Hill
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 897-8884