Filed 1/21/15  P. v. Romero CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND ROMERO,<br><br>    Defendant and Appellant. | B257749<br><br>(Los Angeles County<br>Super. Ct. No. PA018494) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Raymond Romero, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

In 1995 Raymond Romero was convicted of first degree burglary (Pen. Code, § 459)[1] with findings he had two prior serious felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(d), 1170.12, subds. (a)-(d)) and section 667, subdivision (a). Romero was sentenced to an aggregate indeterminate term of 35 years to life in state prison. Romero appealed, and this court affirmed the judgment. (*People v. Romero* (Apr. 16, 1997, B099039) [nonpub. opn.].)

In June 2014 Romero filed a petition for recall of his sentence pursuant to section 1170.126, which, effective November 7, 2012, permits an inmate serving a third strike sentence to petition for recall of sentence and request resentencing. The statute limits eligibility to individuals whose current convictions are for felonies that are not defined as serious or violent felonies under section 667.5, subdivision (c), or 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1).) Because Romero's current conviction for first degree burglary is a serious felony under section 1192.7, subdivision (c)(18), the trial court denied the petition.

Romero filed a timely notice of appeal. (See *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597, 601 [denial of a motion for recall of sentence is an appealable order].) We appointed counsel to represent Romero on appeal.

After examination of the record, counsel filed an opening brief in which no issues were raised. On October 21, 2014 we advised Romero he had 30 days within which to personally submit any contentions or issues he wished us to consider. On November 10, 2014 we received a handwritten four-page letter in which Romero asserted his sentence of 35 years to life was improperly calculated and constituted cruel and unusual punishment, the evidence was insufficient to support his current burglary conviction and one prior strike conviction and the trial court erred in refusing his trial counsel's request the jury be instructed on a lesser included offense. We do not address these claims, which are properly raised in a direct appeal from the judgment of conviction, not an appeal from an order denying recall of sentence.

---

1    Statutory references are to the Penal Code.

**DISPOSITION**

The order denying the petition for recall of sentence is affirmed.


PERLUSS, P. J.


We concur:



WOODS, J.



ZELON, J.