Filed 2/18/15  P. v. Edwards CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076044 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F08366) |
| v. | |
| STEVEN GRADY EDWARDS, | |
| Defendant and Appellant. | |

Defendant Steven Grady Edwards appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.126.[1]  In a convoluted claim, he purports to appeal the trial court's denial of relief on grounds of ineffective assistance of counsel during his 1995 plea to the underlying offenses.  Because the trial

---

[1] Further undesignated statutory references are to the Penal Code.

1

court correctly determined defendant did not qualify for relief under section 1170.126, we shall affirm.

## BACKGROUND

In 1995, defendant pleaded guilty to 12 counts of receiving stolen property (§ 496, subd. (a)) and single counts of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and possession for sale of methamphetamine (Health & Saf. Code, § 11378). Defendant admitted two prior convictions for residential burglary (§ 459) in 1984 and to being personally armed with a handgun during the transportation and possession for sale offenses (§ 12022, subd. (c)).

The plea was in return for a maximum sentence of 20 years. Defendant agreed that if the trial court rejected the 20-year lid, the People could amend the information to include an additional prior residential burglary conviction allegation and the court would conduct a trial on the additional strike. Defendant understood the court could then impose a sentence greater than the 20-year lid.

The court rejected the 20-year lid and allowed the information to be amended to include an additional strike allegation that the court then found to be true. The court imposed a sentence of 25 years to life with a consecutive four-year term for the arming enhancement.

Defendant appealed his conviction, which a panel of this court affirmed on January 28, 1997.

On February 7, 2014, defendant filed a petition for resentencing pursuant to section 1170.126. As grounds for resentencing, defendant alleged he entered the plea agreement "without the full knowledge and proper advisement." Appended to his

2

petition were a transcript of his *Marsden*[2] motion in the original case, a transcript of the change of plea hearing, the probation report, a transcript of his motion to withdraw the plea/*Marsden* motion, a transcript of the sentencing hearing, his medical records, a compilation of laudatory recognitions obtained during his incarceration, letters from defendant and his girlfriend, and his California State Risk Assessment printout.

The trial court denied the petition, finding defendant's conviction of the armed enhancement rendered him ineligible for resentencing pursuant to section 1170.126, subdivision (e). Noting defendant was represented by experienced counsel, rather than in propria persona, the trial court also declined to construe the pleading as a petition for habeas corpus. The trial court found any habeas claim barred as untimely and not raised on appeal. The trial court also found that there was no change in the law justifying the delay in filing a habeas petition.

## DISCUSSION

Defendant contends the trial court erred in denying his petition for resentencing and also in failing to consider it as a petition for habeas corpus. He argues he was entitled to relief from his sentence because trial counsel failed to explain the consequences of the plea to him. The People respond that defendant is ineligible for relief under section 1170.126, and the relief he seeks is outside the purview of that statute. We agree with the People.

Section 1170.126 allows defendants serving a life term for a third strike to petition for resentencing. (§ 1170.126, subd. (b).) Eligibility for resentencing is initially limited to defendants serving life terms for felonies that are neither serious nor violent. (§ 1170.126, subd. (e)(1).) Other factors can render a defendant ineligible for resentencing. One of the disqualifying factors, as cross-referenced in section 1170.126,

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

subdivision (e)(2), is that "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).)

Defendant does not contest the trial court's ruling that he was ineligible for resentencing under section 1170.126 because he was armed during the commission of one of his underlying offenses. He argues only that the trial court erred in failing to consider his petition for resentencing and the claim of ineffective assistance of counsel contained therein as a habeas petition and "grant relief." We disagree.

No relief was available to defendant under section 1170.126; he concedes as much when he fails to challenge the trial court's (correct) finding that conviction on the armed enhancement rendered defendant ineligible for resentencing pursuant to section 1170.126, subdivision (e). Section 1170.126 is not a vehicle to bring a claim of inadequate representation at a plea entered nearly 20 years ago.

Defendant notes that some courts, including this one, have at times construed direct appeals as habeas petitions when the law governing the appealability of the order in question was unclear. But the denial of a section 1170.126 petition is an appealable order; that question has been settled. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.) Although we agree that where the appealability of an order is in question or doubtful, an appellate court may construe an appeal as an original habeas petition "in the interest of judicial economy and because the issue is of general concern" (*People v. Segura* (2008) 44 Cal.4th 921, 928), here there is no reason for us to do so. As we have noted, the denial of defendant's petition *is* an appealable order, and he has appealed from it.[3] But he has not presented any convincing argument that the order was infirm or incorrect in any way. Consequently, we shall affirm the order.

---

[3] To the extent that defendant argues his petition in the trial court *was* a proper habeas petition rather than a petition for resentencing, we cannot consider his appeal from the

4

**DISPOSITION**

The order denying the petition is affirmed.

                                                       _____DUARTE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____BUTZ_____, J.

---

denial thereof. The denial of a petition for habeas corpus is not appealable. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 986 ["The California Supreme Court has, on more than one occasion, stated that the defendant may not appeal denial of a petition for writ of habeas corpus"].)