Filed 6/2/25  P. v. Kelly CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B337269 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA055388-02) |
| v. | |
| THEODORE PETER KELLY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Appeal dismissed.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Theodore Peter Kelly appeals the denial of his request for recall and resentencing under Penal Code[1] section 1172.1. The question presented is whether the denial of Kelly's request for recall and resentencing is an appealable order. We dismiss the appeal because we find the denial of this request does not affect Kelly's substantial rights under section 1237, subdivision (b). It is therefore not an appealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a jury convicted Kelly of three counts of second-degree robbery and six counts of false imprisonment in violation of sections 211 and 236. The jury found true that Kelly personally used a firearm in committing the offenses. The trial court sentenced Kelly to a total of 35 years eight months in prison.

For context only we recite the facts of the offenses, which involved the robbery of a pawn shop on January 4, 2003. After casing the pawn shop and leaving, Kelly and three other men returned to the shop, rounded up, handcuffed and beat the shopkeepers and a customer, and robbed them of their belongings. They also locked a female customer and her four children into a back room of the shop during the robbery. The men left with bags of jewelry along with personal items stolen from the shopkeepers and a customer in the shop. At least two of the men had firearms, including Kelly. (*People v. Kelly* (Jan. 24, 2008, B182347) [nonpub. opn.].)

In 2024, Kelly filed a form petition requesting recall and resentencing pursuant to section 1172.1. In that request, Kelly stated he had served 21 years of his sentence to date. He

_____

[1] Statutory references are to the Penal Code

2

attached several exhibits to his petition documenting numerous achievements in educational and prison rehabilitative programs and positive work and instructor evaluations.

On February 14, 2024, the trial court issued an order in chambers denying appellant's request. The order stated: "The Court, having considered the Petition filed in this matter, all attachments thereto, and the court file, the appellate opinion, the original pre-plea report, and the petitioner's criminal record, hereby denies that Petition for the following reasons: [¶] 1. Based on the nature of the underlying conduct, and the petitioner's original criminal history, this court will not resentence the petitioner to anything less than what he received. This was a violent crime, which involved planning and sophistication, and involving multiple victims in which the petitioner used a firearm. [¶] 2. This court is glad that the petitioner is improving himself at the State Prison and using this time to consider his actions. But he still deserves the punishment he received."

Kelly timely appealed.

## DISCUSSION

### I.   Section 1172.1, the Recall and Resentencing Statute

Section 1172.1 endows a trial court with authority to recall the sentences of incarcerated defendants and resentence them under certain circumstances. Like its predecessor provisions, section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 637–638, quoting *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

3

Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).)  Until recently, the statute also provided that a trial court may recall and resentence "on its own motion" within 120 days of the date of commitment.  Effective January 1, 2024, the 120-day provision was expanded.  Now a trial court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (*Ibid.*; Assem. Bill No. 600 (2023–2024 Reg. Sess.).)  Once a trial court decides to recall and resentence, it may either reduce the sentence by modification or vacate the conviction and impose judgment on "any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleadings."  (§ 1172.1, subd. (a)(3).)

Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing. (§ 1172.1, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].)  As to a right to appeal, the statute provides: "After ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal."  (*Id.*, subd. (d).)

4

## II. **The Right to Appeal Generally**

The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Criminal defendants are entitled to appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

## III. **The Definition of "Substantial Rights"**

Our Supreme Court has not provided "a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)." (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).) But *Loper* did discuss how to approach formulating a definition. There, the court addressed the question whether a defendant has the right to appeal a trial court's denial of a request for compassionate release properly made by the Secretary of the Department of Corrections and Rehabilitation under section 1170, former subdivision (e). That statute is similar to section 1172.1 in that both statutes do not give defendants the right to make a request for relief themselves. For relief under section 1170, only the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings may make such a request. (§ 1170, former subd. (e).)

In deciding that the denial of a request for compassionate release affects substantial rights, our Supreme Court in *Loper* noted: "Although the defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary [of the Department of Corrections and Rehabilitation] evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf. By

5

providing a mechanism for releasing eligible prisoners from custody, section 1170[, former subdivision (e)] implicates a prisoner's substantial interest in personal liberty.  Moreover, although section 1170[, former subdivision (e)] authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170[, former subd.] (e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria.  These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.)

We glean from this footnote that the combination of three factors dictates whether a defendant's substantial rights in personal liberty are implicated: 1) the Legislature sets up a mechanism for releasing eligible prisoners from custody; 2) that mechanism is used to get the issue of release from custody before the trial court; and 3) that mechanism includes a list of eligibility statutory criteria that must then be followed by the trial court in making its ruling, suggesting that the trial court's discretion is not unfettered.  We also glean from the extended discussion in *Loper* on standing that whether or not the defendant has the express right to initiate the request for sentencing relief is immaterial to determining whether substantial rights are affected.  (See *Loper*, *supra*, 60 Cal.4th at pp. 1161–1165 [defendant may appeal an adverse decision on a postjudgment motion or petition if it affects substantial rights, even if someone else brought the original motion].)  Indeed, we find that it is use of the mechanism set up by the Legislature, coupled with

6

legislatively mandated factors to consider, that are determinative of whether substantial rights are affected by the statute.

Keeping these three factors in mind, we hold that section 1172.1 does not implicate a defendant's substantial rights where, as here, a defendant has personally filed a petition not authorized by statute. The Legislature created a mechanism for release, satisfying the first of the three criteria set out above. However, that mechanism, authorized for use by only designated entities or persons, was not followed in this case. Section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The statute also expressly provides that where an *authorized* request for relief is denied, a defendant must be advised of their appellate rights, inferring a right to appeal a properly authorized request. (§ 1172.1, subd. (d).)

Here, Kelly filed an unauthorized request for relief to which the trial court was not obligated to respond. Thus, the second criterion—that the authorized mechanism be used to obtain the requested relief – has not been satisfied. This, we emphasize, has nothing to do with a standing analysis per se.

Neither has the third factor been met. We see nothing in section 1172.1 which describes the factors a trial court must consider in deciding whether to recall a sentence. The only factors set out are those that will support extending the time within which the trial court may recall and impose sentence. We conclude that section 1172.1, as created by the Legislature, does not implicate the substantial rights of defendants. Therefore,

7

orders denying requests for relief that do not properly invoke the mechanisms set out by the statute are not appealable.

We also adopt the analysis of our colleagues in Division 2 who concluded that orders denying requests for relief from defendants personally, as opposed to those from authorized third parties, are not appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985.) As Presiding Justice Lui wrote, "[T]he second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendant may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant any right, much less a substantial one." (*Id.* at p. 996.) Under *Hodge*, where a statute expressly relieves the court of any obligation to adjudicate a request for relief filed by defendants personally, it follows that defendants do not have a substantial right in this particular pathway toward resentencing.

We add that our analysis does not change where, as here, the trial court issued an order explaining why it was denying the request (instead of ignoring the request, as it was authorized to do). It is the Legislature's mechanism and the use of that mechanism that is paramount in deciding whether substantial rights are affected, not the language of the trial court's order.

8

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                        STRATTON, P. J.

We concur:

        WILEY, J.

        MATTHEWS, J.*

---

*        Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.