Filed 7/15/25  P. v. Castro CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERTO VERDUGO CASTRO,<br><br>　　　　Defendant and Appellant. | B338912<br><br>(Los Angeles County<br>Super. Ct. No. KA118463-01) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Appeal dismissed.

　　　　Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Roberto Verdugo Castro's petition for resentencing under Penal Code[1] section 1172.1, subdivision (a)(1).  Because we find the order is not appealable, we dismiss the appeal.

## BACKGROUND

In 2019, a jury convicted appellant Roberto Verdugo Castro of kidnap for robbery, two counts of second degree robbery, criminal threats, attempted first degree burglary, fleeing a pursuing peace officer while driving recklessly, unlawful driving of a vehicle without the owner's consent, and carrying a loaded firearm with intent to commit a felony.  The jury also found true firearm allegations on several of the counts.  The trial court imposed a sentence of life plus 25 years in prison.

On April 26, 2024, Castro filed a petition for recall and resentencing pursuant to section 1172.1, subd. (a)(1) (formerly sections 1170, subdivision (d)(1) and 1170.03).  He asked the trial court to recall and reduce his sentence based on his youth at the time of the offenses, his rehabilitation efforts while in custody, and other post-conviction factors.  Attached to the petition, among other items, was a laudatory note about his participation in an Ironwood State Prison cancer awareness walk-a-thon fundraiser.

On May 10, 2024, the trial court issued two orders on the petition.  In the first signed order, the court stated: "Court has reviewed and considered Petitioner's request under [Assembly Bill No. 600 and Penal Code section 1172.1].  No further action

---

[1]     Undesignated statutory references are to the Penal Code.

2

will be taken." That same day, the trial court also issued a minute order as follows: "On 04/26/24 the court received a petition for recall and resentencing pursuant to Penal Code section 1172.1 (titled Petition for Resentencing (Penal Code section 1170(d)(1) section 1170.03)) from defendant. Pursuant to section 1172.1, subdivision (c), a defendant is not entitled to file a petition seeking relief from the court under section 1172.1. If a defendant requests consideration for such relief, the court is not required to respond. Accordingly, the court will take no further action on defendant's petition." Castro timely appealed.

We appointed counsel to represent Castro on appeal. On March 19, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Castro he could file his own supplemental brief within 30 days and would send Castro transcripts of the record on appeal as well as a copy of the brief.

On March 20, 2025, this court sent Castro notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On June 18, 2025, Castro filed a supplemental brief in which he contends that the trial court's decision declining to consider his petition is not valid because the petition was not fully argued. He also argues: 1) his counsel on appeal provided ineffective assistance of counsel because she advised our court about case law holding the trial court order is not appealable and she did not raise his contentions challenging the fairness of this trial; 2) his conviction was based on hearsay and faulty forensic

3

testimony; 3) the prosecutor committed professional misconduct at his trial; and 4) numerous charges against him were trumped up.

## DISCUSSION

### I.    <u>Section 1172.1, the Recall and Resentencing Statute</u>

Section 1172.1 endows a trial court with authority to recall the sentences of incarcerated defendants and resentence them under certain circumstances.  Like its predecessor provisions, section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 637–638, quoting *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).)  Until recently, the statute also provided that a trial court may recall and resentence "on its own motion" within 120 days of the date of commitment.  Effective January 1, 2024, the 120-day provision was expanded.  Now a trial court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (*Ibid*.; Assem. Bill No. 600 (2023–2024 Reg. Sess.).)  Once a trial court decides to recall and resentence, it

4

may either reduce the sentence by modification or vacate the conviction and impose judgment on "any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleadings." (§ 1172.1, subd. (a)(3).)

Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing. (§ 1172.1, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].) As to a right to appeal, the statute provides: "After ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal." (*Id.*, subd. (d).)

## II.    **The Right to Appeal Generally**

The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Criminal defendants are entitled to appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

## III.    **The Definition of "Substantial Rights"**

Our Supreme Court has not provided "a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)." (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).) But *Loper* did discuss how to approach formulating a definition. There, the court addressed the question whether a defendant has the right to appeal a trial court's denial of a request for compassionate release properly made by the

5

Secretary of the Department of Corrections and Rehabilitation under section 1170, former subdivision (e). That statute is similar to section 1172.1 in that both statutes do not give defendants the right to make a request for relief themselves. For relief under section 1170, only the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings may make such a request. (§ 1170, former subd. (e).)

In deciding that the denial of a request for compassionate release affects substantial rights, our Supreme Court in *Loper* noted: "Although the defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary [of the Department of Corrections and Rehabilitation] evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf. By providing a mechanism for releasing eligible prisoners from custody, section 1170[, former subdivision] (e) implicates a prisoner's substantial interest in personal liberty. Moreover, although section 1170 [,former subdivision] (e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170 [,former subd.] (e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria. These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.)

We glean from this footnote that the combination of three factors dictates whether a defendant's substantial rights in personal liberty are implicated: 1) the Legislature sets up a mechanism for releasing eligible prisoners from custody; 2) that

6

mechanism is used to get the issue of release from custody before the trial court; and 3) that mechanism includes a list of eligibility statutory criteria that must then be followed by the trial court in making its ruling, suggesting that the trial court's discretion is not unfettered. We also glean from the extended discussion in *Loper* on standing that whether or not the defendant has the express right to initiate the request for sentencing relief is immaterial to determining whether substantial rights are affected. (See *Loper*, *supra*, 60 Cal.4th at pp. 1161–1165 [defendant may appeal an adverse decision on a postjudgment motion or petition if it affects substantial rights, even if someone else brought the original motion].) Indeed, we find that it is use of the mechanism set up by the Legislature, coupled with legislatively mandated factors to consider, that are determinative of whether substantial rights are affected by the statute.

Keeping these three factors in mind, we hold that section 1172.1 does not implicate a defendant's substantial rights where, as here, a defendant has personally filed a petition not authorized by statute. It is true that the Legislature created a mechanism for release, satisfying the first of the three criteria set out above. However, that mechanism, authorized for use by only designated entities or persons, was not followed in this case where section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The statute also expressly provides that where an *authorized* request for relief is denied, a defendant must be advised of their appellate rights, inferring a right to appeal a properly authorized request. (§ 1172.1, subd. (d).)

7

Here, Castro filed an unauthorized request for relief to which the trial court was not obligated to respond. Thus, the second criterion—that the authorized mechanism be used to obtain the requested relief – has not been satisfied. This, we emphasize, has nothing to do with a standing analysis per se.

Neither has the third factor been met. We see nothing in section 1172.1, which describes the factors a trial court must consider in deciding whether to recall a sentence. The only factors set out are those that will support extending the time within which the trial court may recall and impose sentence. We conclude that section 1172.1, as created by the Legislature, does not implicate the substantial rights of defendants. Therefore, orders denying requests for relief that do not properly invoke the mechanisms set out by the statute are not appealable.

We also adopt the analysis of our colleagues in Division 2 who concluded that orders denying requests for relief from defendants personally, as opposed to those from authorized third parties, are not appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985.) As Presiding Justice Lui wrote, "[T]he second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendant may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does

not deprive the defendant any right, much less a substantial one." (*Id*. at p. 996.) Under *Hodge*, where a statute expressly relieves the court of any obligation to adjudicate a request for relief filed by defendants personally, it follows that defendants do not have a substantial right in this particular pathway toward resentencing. (*Ibid;* see also *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 [order declining to act on defendant's unauthorized section 1172.1 petition not an appealable order].*)*

We add that our analysis does not change if the trial court issues an order explaining why it is declining to act on the request (instead of ignoring the request, as it is authorized to do). It is the Legislature's mechanism and the use of that mechanism that is paramount in deciding whether substantial rights are affected, not the format of the trial court's order.

Because we find that the order declining to take any action on the 1172.1 petition is not an appealable order, we do not address Castro's other complaints about his representation on appeal and alleged trial errors.

We decline Castro's request that we conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.