Filed 8/22/25  P. v. Armendariz CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052869 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS032624A) |
| v. | |
| ROBERT TINO ARMENDARIZ, | |
| Defendant and Appellant. | |

A jury convicted defendant Robert Tino Armendariz in 2004 of first degree murder and dissuading a witness by force or threat.  The trial court imposed an aggregate sentence of 111 years to life in prison.  In 2024, Armendariz filed a "Request for Recall of Sentence and Resentencing" pursuant to Penal Code section 1172.1.[1]  Based on subdivision (c) of that statute, the trial court declined to respond to the request. Armendariz appealed.

We conclude that the trial court's decision not to respond to Armendariz's request for recall and resentencing under section 1172.1 does not constitute an appealable order because the trial court's decision did not affect Armendariz's substantial rights under section 1237, subdivision (b).  We therefore will dismiss the appeal.

_____

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

A jury convicted Armendariz of first degree murder (§ 187, subd. (a)) and dissuading a witness by force or threat (§ 136.1, subd. (c)(1)). The jury found true an allegation that Armendariz used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) with respect to the latter offense. The trial court then found true allegations that Armendariz had two prior strike convictions (§ 1170.12, subd. (c)(2)) and two prior serious felony convictions (§ 667, subd. (a)(1)). The trial court imposed a total sentence of 111 years to life. This court affirmed the judgment in 2005. (*People v. Armendariz* (Sept. 6, 2005, H028176) [nonpub. opn.].)

In March 2024, Armendariz filed a pro se request for recall and resentencing under section 1172.1. The trial court noted the following on a "Request for Action" form: "The court declines to respond, pursuant to Penal Code section 1172.1(c)." Armendariz did not appeal.

In October 2024, Armendariz again requested recall and resentencing under section 1172.1, asking the trial court to apply various changes in sentencing laws that took effect after his sentencing hearing. Again, the trial court responded as follows: "The court declines to respond pursuant to Penal Code section 1172.1(c)."

Armendariz appealed. This court ordered Armendariz to show cause why the appeal should not be dismissed as taken from a nonappealable order, and Armendariz responded. He then submitted a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, stating the case and facts but raising no issues.

## II. DISCUSSION

### A. *Legal Principles*

In 2023, the Legislature passed Assembly Bill No. 600 (2023-2024 Reg. Sess.), amending section 1172.1 to grant trial courts the authority to initiate recall and

---

[2] The facts of the offenses are immaterial to our analysis.

resentencing on the court's own motion at any time, if the applicable sentencing laws have changed since the defendant's original sentencing. (Stats. 2023, ch. 446, § 2.) As amended, section 1172.1, subdivision (a)(1) provides in relevant part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." Section 1172.1, subdivision (a)(1) also states: "Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." However, under section 1172.1, subdivision (c): "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. [Citations.]" (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Armendariz asserts that section 1237, subdivision (b) authorizes his appeal. That provision states that an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party." "Our cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b) . . . ." (*Loper*, *supra*, at p. 1161, fn. 3.) "However, a postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto. [Citations.]" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted (*Teal*).)

The four published Court of Appeal decisions addressing the appealability of a trial court's decision not to respond to a defendant's section 1172.1 request hold that such a decision is generally not appealable because the statute clearly indicates that a defendant has no right to a response regarding a self-initiated request for recall and resentencing. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).)

### B. Analysis

We conclude that the trial court's decision not to respond to Armendariz's request for recall and resentencing under section 1172.1 is not an appealable order. Section 1172.1 does not in itself provide Armendariz with any substantial rights, and he does not identify any other basis for a substantial right under section 1237, subdivision (b), based on the trial court's decision not to respond. As a result, we are without jurisdiction to consider his appeal, and we will dismiss it.

Under section 1172.1, subdivision (c), the trial court was not required to respond to Armendariz's request for the court to exercise its own authority to recall the sentence and resentence him. This "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Roy*, *supra*, 110 Cal.App.5th at p. 998.) Thus, the trial court's decision not to respond to the section 1172.1 request did not affect Armendariz's substantial rights under section 1237, subdivision (b).

Armendariz's brief in response to this court's order to show cause relies wholly on an opinion by the Fifth District Court of Appeal that has since been ordered depublished following rehearing by that court and that is no longer citable authority. (See *People v. Chatman* (Feb. 4, 2025, F087868), formerly reported at 108 Cal.App.5th 650, rehg.

4

granted & vacated Mar. 3, 2025.) Thus, we do not address Armendariz's arguments concerning that case.

Armendariz's response to the order to show cause also mentions *Loper*, *supra*, 60 Cal.4th 1155, but *Loper* is distinguishable. In *Loper*, our state Supreme Court held the defendant could appeal a trial court's denial of a recommendation by the Department of Corrections and Rehabilitation that the defendant be recalled under section 1170, former subdivision (e) and that he be granted compassionate release. (*Loper*, *supra*, at pp. 1158-1159.) The California Supreme Court stated, "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.) The California Supreme Court concluded that the trial court's denial of the motion affected Loper's substantial rights because "[b]y providing a mechanism for releasing eligible prisoners from custody, [former] section 1170(e) implicates a prisoner's substantial interest in personal liberty" and because the statute "establishe[d] eligibility criteria [citation], suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Id.* at p. 1161, fn. 3.)

*Loper* is distinguishable because there, the trial court was *required* to consider whether to recall his sentence in response to a recommendation by the Secretary of the Department of Corrections and Rehabilitation. Under section 1170, former subdivision (e)(3): "Within 10 days of receipt of a positive recommendation by the secretary or the board, the court *shall* hold a hearing to consider whether the prisoner's sentence should be recalled." (Italics added.) (Stats. 2014, ch. 26, § 17, subd. (e)(3); see also *Teal*, *supra*, 60 Cal.4th at p. 600 [trial court's determination that petitioner was ineligible for resentencing under section 1170.126 was appealable where the trial court was required to determine petitioner's eligibility for resentencing upon filing of the petition].) Here, by contrast, section 1172.1, subdivision (c) expressly states "the court is

5

not required to respond" to a defendant's request for recall and resentencing, and the statute provides no eligibility criteria. Thus, *Loper* does not control here.

The Court of Appeal in *Faustinos* concluded that because "[a] defendant never has a *right* to a trial court initiation of a section 1172.1 resentencing . . . [a] trial court's discretionary decision not to initiate a proceeding on its own motion cannot be legal error that affects a defendant's substantial rights." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 697.) We do not need to decide whether a trial court's action in response to a section 1172.1 request is per se nonappealable solely because a defendant does not have the right to seek section 1172.1 recall and resentencing. We merely conclude that because the trial court was not required to respond to Armendariz's recall and resentencing request, because the trial court did not respond to the request, and because Armendariz did not identify anything in the trial court's order declining to respond to the request affecting his substantial rights under section 1237, subdivision (b), the trial court's decision is not appealable in this case. The trial court declined to respond to Armendariz's request; it did not deny recall and resentencing. (See *Hodge*, *supra*, 107 Cal.App.5th at p. 999 ["We need not consider in this case whether a defendant's substantial rights are at stake when a trial court has denied resentencing after it has (1) formally initiated a process to consider that decision on its own motion; (2) held a hearing under section 1172.1, subdivision (a)(9); and (3) issued a ruling explaining its reasons under subdivision (a)(7). In that situation, the trial court's own motion is arguably equivalent to an authorized motion by designated authorities, creating a right for the defendant to a ruling on the merits. That did not occur here."].)

The trial court recognized it had jurisdiction to act on Armendariz's request for recall and resentencing, but it declined to respond, consistent with its authority under section 1172.1, subdivision (c). We see nothing in the record showing the nature and claim of the trial court's order affected Armendariz's substantial rights under section 1237, subdivision (b). Accordingly, we will dismiss the appeal.

6

## III. DISPOSITION

The appeal is dismissed.

_____
Greenwood, P. J.


WE CONCUR:




_____
Grover, J.




_____
Lie, J.




H052869
People v. Armendariz