Filed 4/15/26  P. v. Mendoza CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO JESUS MENDOZA,<br><br>Defendant and Appellant. | F089239<br><br>(Super. Ct. Nos. VCF294661A & VCF237778A)<br><br>**OPINION** |

THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Caely E. Fallini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

# INTRODUCTION

In 2015, appellant Gustavo Jesus Mendoza was sentenced to prison for an aggregate determinate term of 31 years following his convictions for attempted robbery (Pen. Code, §§ 664, 211)[1]; conspiracy to commit robbery (§ 182); illegal possession of a firearm (§ 29800, subd. (a)(1)); and masked criminal firearm possession in public (§ 25300, subd. (a)).  The jury found true firearm and gang enhancements.

In 2018, this court affirmed appellant's judgment but vacated his sentence and remanded for resentencing for the trial court to determine whether to exercise its discretion to strike a firearm enhancement.  (*People v. Mendoza* (Jan. 10, 2018, F071822) [nonpub. opn.].)  In May 2018, appellant was resentenced, and the trial court declined to exercise its discretion to strike appellant's firearm enhancement.

In 2019, we issued another opinion in which we rejected appellant's claim that the trial court abused its discretion in declining to strike his firearm enhancement.  However, we again remanded for resentencing considering a then newly enacted law that gave discretion regarding appellant's prior serious felony conviction.  (*People v. Mendoza* (Aug. 8, 2019, F077578) [nonpub. opn.].)

In 2020, the trial court declined to strike appellant's five-year prior serious felony conviction (§ 667, subd. (a)).  In 2021, we issued a third opinion, affirming appellant's judgment.  (*People v. Mendoza* (June 9, 2021, F080766) [nonpub. opn.].)

In December 2024, appellant filed a petition in the superior court that is the subject of this appeal.  Appellant's petition was filed under the authority of section 1171, and it invited the court to review his record and modify his sentence or conviction.  Appellant requested the appointment of legal counsel.

At the time he filed this petition in December 2024, section 1171 had not yet become operative.  Section 1171 was enacted by Assembly Bill No. 2483 (Stats. 2024,

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

ch. 964, § 1, eff. Jan. 1, 2025).  This is a procedural statute that governs the handling of postconviction proceedings authorized by separate ameliorative laws, such as sections 1172.6 or 1172.75.  It creates no independent right to resentencing.  It has no provision for an appeal.  (§ 1171, subds. (a)–(f).)

In December 2024, the trial court denied the petition in a written order without appointing legal counsel.  In the present appeal, appellant contends that he is entitled to sentence modification.  In contrast, respondent asserts that this appeal should be dismissed because the lower court's order is not appealable.

We agree with respondent.  As we explain below, this order was not appealable, and we dismiss this appeal on that basis.

## BACKGROUND

### I. Appellant's Criminal Conduct.

In 2014, law enforcement arranged an undercover narcotics transaction.  At the location of the planned exchange, appellant and a codefendant unexpectedly approached the undercover officer.  Appellant's face was partially covered, and he had one arm positioned beneath his clothing in a manner suggesting he was concealing a firearm.  As appellant and his codefendant advanced toward him, the officer believed he was about to be robbed and he drove away.  Police soon stopped the vehicle in which appellant was riding and recovered a loaded handgun inside.

Appellant stipulated at trial that he was an active Norteño gang member.  He further stipulated that he was prohibited from owning or possessing a firearm.  (*People v. Mendoza*, *supra*, F071822).)

### II. The Present Petition for Resentencing.

In December 2024, appellant filed a petition in the superior court under the authority of section 1171.

On December 19, 2024, the superior court issued a written order denying the petition. The order stated that appellant was not statutorily eligible for the relief requested under section 1171, noting that this statute was procedural and did not provide for appellant to invite the court to review his convictions for modification purposes. The court also observed that this statute was not yet effective. Accordingly, the request for legal counsel was also denied.

In January 2025, appellant filed the present appeal, which was timely. We turn to the parties' arguments.

## DISCUSSION

**I.    We Dismiss This Appeal Because the Superior Court's Order Did Not Impact Appellant's Substantial Rights.**

The right to appeal is statutory. A judgment or order is not appealable unless expressly made so by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) A defendant may appeal from a postjudgment order only if it affects his or her substantial rights. (§ 1237, subd. (b).) An order denying a motion the trial court had no statutory authority to grant does not affect a substantial right and is not appealable. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1044 [petitions filed under section 1172.1] *People v. Hodge* (2024) 107 Cal.App.5th 985, 999 [a petition filed under section 1172.1].)

Appellant's petition invoked section 1171 as the basis for relief. That statute, however, does not authorize the recall of a sentence or a resentencing. Instead, it prescribes procedural requirements applicable to postconviction proceedings otherwise authorized by law. (§ 1171, subd. (c)(1).) Because appellant identified no statute conferring authority on the superior court to modify his sentence, the court lacked statutory authority to grant the requested relief. The denial of that unauthorized request did not affect a substantial right within the meaning of section 1237, subdivision (b).

Appellant contends we must liberally construe his notice of appeal under California Rules of Court, rule 8.100(a)(2). His reliance on this rule is misplaced. This

4.

rule cures technical defects in a notice, such as imprecise wording or erroneous party designations.  (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882–883.)  However, appealability under section 1237, subdivision (b), is a threshold jurisdictional question.  Liberal construction of a notice of appeal cannot create appellate jurisdiction where the underlying order is not appealable.  Rule 8.100(a)(2) is inapplicable here.

Appellant further argues he is entitled to the retroactive benefits of section 1171 because his case is not yet final on appeal.  We need not address retroactivity.  Even if applicable, it does not alter the jurisdictional defect.  The original order was not part of a "postconviction proceeding" under section 1171, because no ameliorative statute authorized the petition in the first place.  (See § 1171, subd. (a).)

Finally, appellant relies on amendments to section 1171 enacted by Senate Bill No. 857 (Stats. 2025, ch. 241).  In relevant part, these amendments require a court to state reasons for denying an initial request and to advise the defendant of appeal rights. (§ 1171, subds. (c)(4) & (5).)  Appellant asserts that these provisions now apply to his case and the trial court failed to comply with them.  These contentions are unpersuasive.

The 2026 amendments, like the original statute, are procedural requirements that govern proceedings "authorized in law" under another statute.  (§ 1171, subd. (c)(1).) Appellant's petition was not authorized.  Section 1171 does not confer any right to relief. Without substantive rights, the denial of an unauthorized petition is not an appealable order.  (See *People v. Brinson*, *supra*, 112 Cal.App.5th at p. 1044; *People v. Hodge*, *supra*, 107 Cal.App.5th at p. 999.)  Accordingly, we agree with respondent that it is appropriate to dismiss this appeal.

## DISPOSITION

The appeal is dismissed.